FRANK F. DRINKHOUSE v. AMERICAN BRICK AND TILE COMPANY, IMPLEADED WITH THE GREGG MANUFACTURING COMPANY.

1. The amendments of the mechanics' lien, authorized by the fourteenth section of the act, can be made at any time before judgment on the claim.
2. Such amendments must be in writing and signed by the judge, but need not be sworn to.

---

On rule to show cause on case certified from the Warren Circuit Court.

Argued at November Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and LUDLOW.

For the plaintiff, *Bartlett C. Frost* and *William H. Morrow.*

For the defendant, *George M. Shipman* and *Lewis Starr.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This case calls for a construction of the fourteenth section of the Mechanics' Lien law.

The lien filed by the plaintiff was admittedly defective in this respect, that it omitted to state the dates of the various items of work and materials furnished. According to the case of *Associates, &c., v. Davison,* 5 *Dutcher* 415, this omission was fatal to the procedure as the statute existed at the time of that decision.

Before the trial of the present case this lien claim was amended in the respect mentioned by the order of a justice of this court.

It is now claimed that this emendation is inefficacious, for the reason that the time within which it could be properly made had elapsed.

The argument in support of this position is that the eleventh section of the statute specifically describes the contents of the claim to be filed, and having, among other particulars, required that it shall exhibit "the amount and kind of labor performed and of materials furnished, and the prices at which and the times when the same was. performed and furnished," concludes with the following declaration, viz., "that when such claim shall not be filed in the manner or within the time aforesaid," &c., "the building or lands shall be free from all lien for the matters in such claim."

This was the condition of the law at the time when the decision of this court, above cited, was rendered. That such condition was imperfect and conducive to frequent frustrations of the statutory policy, is manifest. Imperfections in the particulars of the claim on numerous occasions defeated suits brought to enforce this class of demands. And to make the matter worse, such destructive defects related to matters of mere form. Of the truth of this, the present case is an apt illustration. The absence of dates in this lien claim, with respect to the defendant, is and has been of no consequence, for there is not even a pretence that it has, in the slightest degree, led him astray or impaired his rights, and yet, for the want of an empty formality, he is seeking to defeat the suit no matter how meritorious it may be.

It is plain that a statute permitting such results was in need of reformation, and hence, at the time of the revision of the laws in 1874, the introduction of the fourteenth section already referred to. This is its language, viz.: "That at any time before judgment on a lien claim, a justice of the Supreme Court, on the application of the claimant of such lien, and on reasonable notice to all parties interested, may order such lien claim to be amended, in matter of substance as well as in matter of form, whenever it shall appear to him that such amendment can be justly made; and whenever such amend-

ment shall be ordered the same shall be put in writing and signed by said justice, and shall be then filed in the office of the county clerk." *Gen. Stat., p.* 2065. This statutory empowerment, being purely remedial, must be favorably construed so as to advance the remedy and suppress the mischief.

It has just been indicated what is deemed the object of this section, and the contention now is that the corrections thus authorized cannot be made after the expiration of the year that, in the original act, is the term prescribed for the filing of the lien claim. The statutory provision thus referred to is the thirteenth section in connection with the eleventh, the former providing " that no debt shall be a lien by virtue of this act, unless a claim is filed, as hereinbefore provided, within one year from the furnishing the materials or performing the labor for which said debt is due," and the latter, as we have seen, requires that the lien claim thus mentioned shall be possessed of certain designated characteristics. The theory insisted on is that the lien claim ceases to bind the land after a certain designated period, and that it must be amended before that period is spent, inasmuch as having thus become inoperative it cannot be revived. But the clear inadmissibility of such a construction is that it is diametrically opposed by the plain terms of the amendatory clause that declares that the amendments in question may be made " at any time before judgment on a lien claim." No principle is known whereby a space of time thus designated can be curtailed by the court. Besides, if the view indicated should prevail, the power to amend would be almost totally worthless, as the defects in these lien claims have been, and, in the nature of the thing, will be almost always discovered during the progress of the trial.

In addition to these considerations the next section of the act—that is, section 15—seems to leave no room for doubt with respect to the question under consideration.

It has been already shown that section 11 of the original act requires the dates of the different items of work and materials to be set out in the lien claim, and by reference to the

clause it will appear that, similarly, a description of the curtilage shall be contained therein, and the omission of such description would be as fatal to the procedure, as would be, as we have seen, an omission of such dates. As a mistake might sometimes occur in making the description thus called for, its ill consequences are thus obviated in section 15, which declares "that at any time before the entry of final judgment in a suit under this act," a justice of the Supreme Court may "alter the description of the curtilage as set forth in the lien claim," the effect of such alteration being limited by the following proviso: "That the amendments authorized in this and the *next preceding section,* shall not affect the rights of any *bona fide* purchaser or mortgagee acquired between the time of filing the original lien claim and that of filing such amendments."

It thus appears that all amendments to the lien claim can be made at any time before judgment upon it, and they are to have identical effects.

The case of *Wheeler* v. *Almond,* 17 *Vroom* 161, is not in point, the proposition thereby established being that the time of issuing the summons to enforce the lien is mandatory and is not susceptible of amendment under the fourteenth section of the act, the reason assigned being that the power there given "extends only to the amendment of the lien claim," and that the defect then under consideration was "not in the claim." This discrimination seems to imply that if the defect had been in the lien claim itself, a different result would have obtained.

In *Bartley* v. *Smith,* 14 *Vroom* 321, no doubt was expressed by this court with regard to the power of the court to amend the lien claim in any particular at the trial, and the amendment in that case was refused as an exercise of the discretion vested in the court by this section.

With respect to the objection that the amended lien claim should have been sworn to, the answer is that the statute does not require it. The only authentication called for is that the amendments "shall be put in writing and signed by the said justice."

None of the other exceptions taken to the proceedings at the trial appear to call for comment, and there is no ground on which the court can interfere with the verdict.

Let the rule be discharged.