the parties were not dealing with a mere expectancy or concerning property in which neither had any interest.

[5] The contract was not a wager as to whether or not the deceased had left a will in the plaintiff's favor, as the defendant insists.

[6] Nor will the plaintiff retain her claim if the defendant shall transfer to her one-half the estate of the deceased, as the respondent fears. The effect of the agreement, if valid, is to wipe out the plaintiff's claim, whatever it may be. The complaint is framed in a two-fold aspect, and asks if there should be no division of the property that the plaintiff's claim be enforced.

If we are right in our conclusion that the agreement was one of compromise, and that it was founded upon a sufficient consideration, it follows that the judgment must be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.

---

### FAHLBUSCH v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   June 2, 1911.)

1. DAMAGES (§ 132*)—INADEQUATE DAMAGES—EVIDENCE.

Where plaintiff was 30 years old at the time of the injury, and was well prior thereto, and the main injury was a fracture of the inner malleolus, resulting in deformity, a broken arch, and atrophy of muscles, and the injuries were to some extent permanent, and he was incapacitated for work and confined to his bed for about seven weeks, and had to use crutches and a cane for some time after that, and he suffered intense pain, which continues to some extent, and he was earning $14 a week before he was injured, a verdict for $150 was so inadequate as to require a new trial.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 396; Dec. Dig. § 132.*]

2. NEW TRIAL (§ 75*)—INADEQUATE DAMAGES—COMPROMISE VERDICT.

Though the evidence affords a reasonable doubt as to whether the plaintiff should have had a verdict, if his injuries are of such a serious nature that an award of a mere nominal amount is either inadequate or an injustice to defendant, a new trial will be awarded on plaintiff's appeal.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 151, 152; Dec. Dig. § 75.*]

Appeal from Trial Term, Kings County.

Action by Alphonse Fahlbusch against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and from an order denying a new trial on the ground that the damages awarded were inadequate, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Henry M. Dater (George F. Elliott and Jay S. Jones, on the brief), for appellant.

D. A. Marsh, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RICH, J. This appeal is by the plaintiff from a judgment for $150, entered in an action to recover damages for a personal injury caused by the negligence of defendant's employés in the operation of one of its trolley cars, and from an order denying his motion for a new trial upon the ground of inadequacy of damages. It is conceded by the appellant that the evidence upon the main issues is such that the jury might as readily and justifiably have rendered their verdict for the defendant as for the plaintiff.

[1] While there is a sharp conflict of evidence as to the extent of· plaintiff's injuries and the length of time he was incapacitated, viewing the evidence in the light most favorable to the defendant the following facts are established: The accident occurred on June 28, 1908. The plaintiff is 30 years of age, and was well and healthy prior to that time. The main injury he received was fracture of the inner malleolus, resulting in deformity, a broken arch, and an atrophy of certain muscles of the joint, and such results are to some extent permanent. The plaintiff was incapacitated from work for at least seven weeks, during the larger portion of which time he was confined to his bed. He had to use crutches and a cane for some little time after he was able to get around. He suffered intense pain during this period, which continues to some extent to the present time, and is increased by overexertion in standing too long or walking any distance. He was earning $14 a week at the time he was injured, and when able to work returned to the same employer at the same rate of compensation. Deducting plaintiff's compensation for the seven weeks he was disabled ($98) from the recovery, there is left $52 to compensate him for the pain and suffering he has endured, his expenses, the deformity of his ankle, and the permanent limitation of use of his ankle and foot. It requires no argument to demonstrate the inadequacy of this verdict. If the plaintiff is entitled to recover at all, he is entitled to compensation, which the verdict does not give him. If he is not entitled to recover, the verdict is equally unjust to the defendant.

[2] Although, as suggested, the learned trial justice may have concluded that the evidence afforded a reasonable doubt as to whether the plaintiff should have had a verdict, or that the nominal verdict rendered was practically and in effect a verdict for the defendant, and been governed by such conclusion in denying the motion for a new trial, this court has held that neither of such conclusions is sufficient to uphold the verdict. Milliken v. City of New York, 82 App. Div. 471, 81 N. Y. Supp. 866; Tourtelotte v. Westchester Electric Ry. Co., 120 App. Div. 417, 105 N. Y. Supp. 50. The amount awarded by the jury is insufficient to compensate the plaintiff for the results of his injury, and a new trial is essential to the ends of justice. Hurley v. Metropolitan St. Ry. Co., 87 App. Div. 66, 83 N. Y. Supp. 1082.

Judgment and order reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.