[Civil No. 1807.   Filed January 26, 1921.]

[194 Pac. 959.]

## BLAS OCANA, Appellant, v. RAY CONSOLIDATED COPPER COMPANY, a Corporation, Appellee.

1. DAMAGES—VERDICT FOR ONE DOLLAR HELD ERROR IN VIEW OF DAMAGES SUSTAINED.—In action under Employers' Liability Law by employee who sustained a dislocation of the knee, suffered considerable pain, was incapacitated from working for about seventy days during the greater part of which time he was under treatment of physicians, a verdict of one dollar *held* error, since such verdict constitutes a finding that the employee was entitled to recover damages, and since the employee, being entitled to damages, was entitled to be fully compensated for his injuries.

2. APPEAL AND ERROR—ON APPEAL BECAUSE OF INSUFFICIENT RELIEF, PLAINTIFF'S EVIDENCE SHOULD BE VIEWED IN HIS FAVOR.—On plaintiff's appeal from judgment in his favor giving him insufficient relief, the evidence will be viewed in the light most favorable to plaintiff.

3. DAMAGES—INJURED EMPLOYEE CAN RECOVER FOR TIME LOST AND FOR PAIN, INCONVENIENCE, AND SUFFERING.—Employee suing for injuries under Employers' Liability Law is entitled to recover for time lost by him as a result of the accident, and for the injury, pain, inconvenience, and suffering.

4. APPEAL AND ERROR—APPELLATE COURT SHOULD REVERSE VERDICTS RENDERED THROUGH PREJUDICE, ETC.—The appellate court should be careful not to usurp the functions of a jury, and should not be prompt in overruling the exercise of the discretionary power vested in the trial court in passing on motions for a new trial; but it is the duty of such court to protect the parties from improper verdicts, rendered through misconception, prejudice, or passion.

APPEAL from a judgment of the Superior Court of the County of Maricopa.  F. H. Lyman, Judge. Judgment reversed and new trial ordered.

Messrs. Cox, Moore & Gerard, for Appellant.

Messrs. Chalmers, Stahl, Fennemore & Longan, for Appellee.

On constitutionality, application, and effect of Federal Employers' Liability Act, see notes in 47 L. R. A. (N. S.) 38; 48 L. R. A. (N. S.) 987; L. R. A. 1915C, 47.

BAKER, J.—This action was brought by the plaintiff, under the Employers' Liability Law (Civ. Code 1913, pars. 3153–3179), to recover damages from the defendant for personal injuries received by the plaintiff, while working as a timberman for the defendant in the defendant's mine. The defendant interposed the plea that the plaintiff's own negligence was the cause of his injuries. The trial resulted in a verdict for the plaintiff in the sum of one dollar. Plaintiff made a motion for a new trial upon the ground of inadequacy of damages, and contended that, if plaintiff were entitled to recover at all, it was more than a nominal amount, and hence the verdict ought not to stand. The motion was denied, and judgment was ordered to be entered upon the verdict, which was so done, and the plaintiff appeals from both the judgment and the order denying the motion for a new trial.

The result of the trial in this case cannot be explained on any ground that will harmonize it with a sense of justice. The jury in finding a verdict for the plaintiff must have found that the plaintiff was free from negligence and that he was entitled to recover such damages as he had sustained. Having reached the conclusion that the plaintiff was entitled to recover, the jury should have found a verdict sufficient to compensate him for his injuries. If the plaintiff was not entitled to recover, the verdict should have been for the defendant. It will not do to say that the jury must have been convinced that the plaintiff had no cause of action and that in a spirit of liberality they found the verdict for the trifling sum of one dollar in order to save the plaintiff from the cost of litigation. This would be to place the jury distinctly in the wrong and do an injustice to the defendant. Neither can it be said that the verdict may be regarded as practically and in effect a verdict

for the defendant.   The verdict imports a verity as to the party in whose favor it runs.

Viewing the evidence in the light most favorable to the plaintiff which we are required to do, the following facts are established: The accident occurred on March 30, 1919. The plaintiff was thirty-eight years of age and was well and sound in limb before the accident. The main injury he received was that the semilunar or interarticular fiber cartilage of the left knee was loosened or dislocated as the result of a fall from a platform, which occurred to the plaintiff, while he was endeavoring to lift a piece of heavy timber to a position above his head; that in consequence of the injury he was incapacitated to work for a period of about seventy days, a greater part of which time he was under treatment by physicians in the employment of the defendant; that he suffered considerable pain; and that when the accident occurred he was earning $4.50 per day. It is obvious that the assessment of damages was inadequate. We cannot conscientiously permit the verdict to stand. It is no compensation whatever for the injuries the plaintiff has sustained. The plaintiff was certainly entitled to recover for the time lost by him as the result of the accident, to say nothing of compensation for the injury, pain, inconvenience, and suffering involved in the occurrence. The court should and always will be careful not to usurp the functions of a jury, neither will the court be prompt to overrule the exercise of the discretionary power vested in the trial court in passing upon motions for a new trial; yet it is the bounden duty of the reviewing court to protect parties from improper verdicts rendered through misconception, prejudice, or passion. In *Leavitt* v. *Dow,* 105 Me. 50, 134 Am. St. Rep. 534, 17 Ann. Cas. 1072, 72 Atl. 735, it is said:

"It is the duty of the court in case of both excessive and inadequate damages to set aside the verdicts if the jury in rendering them either disregarded the testimony or acted from passion or prejudice. *McDonald* v. *Walter,* 40 N. Y. 551; *Richards* v. *Sanford,* 2 E. D. Smith (N. Y.), 349; *Paul* v. *Leyenberger,* 17 Ill. App. 167; *Cayford* v. *Wilbur,* 86 Me. 415, 29 Atl. 1117."

There is a long line of decisions, commencing with the early case of *Phillips* v. *London & Southwestern Ry. Co.,* 5 Q. B. Div. 78–38 (s. c., 41 L. T. 121, 28 W. R. 10), 8 English Ruling Cases, 447, upholding our conclusions. *Ferrari* v. *Brooks-Harrison Fuel Co.,* 53 Colo. 259, 125 Pac. 125; *Whitney* v. *City of Milwaukee,* 65 Wis. 409, 27 N. W. 39; *Kelly* v. *City of Rochester,* 15 N. Y. Supp. 29; *Fahlbusch* v. *Brooklyn Heights R. Co.,* 145 App. Div. 544, 129 N. Y. Supp. 877; *Ellsworth* v. *City of Fairbury,* 41 Neb. 881, 60 N. W. 336; *Chouquette* v. *Southern Electric R. Co.,* 152 Mo. 257, 53 S. W. 897; *Miller* v. *Delaware, L. & W. R. Co.,* 58 N. J. L. 428, 33 Atl. 950; *Miller* v. *Miller,* 81 Kan. 397, 105 Pac. 544; *Jackson* v. *City of Humboldt et al.,* 84 Kan. 445, 113 Pac. 1047; *Hill* v. *Union Ry. Co.,* 25 R. I. 565, 57 Atl. 374; *Anglin* v. *Columbus,* 128 Ga. 469, 57 S. E. 780.

Judgment and order reversed and cause remanded for a new trial.

ROSS, C. J., and McALISTER, J., concur.