[Civil No. 1992.  Filed May 2, 1922.]

[206 Pac. 172.]

## A. W. GREGG, Appellant, v. H. P. DE MUND, Appellee.

1. JUDGMENT—REFUSAL OF JUDGMENT NON OBSTANTE VEREDICTO NOT ERROR.—In an action by an architect for the value of drawing plans and supervising erection of a building for a year, defended on the ground that plaintiff was employed at a monthly salary, and had been paid up to the time when he quit, where the evidence was conflicting as to how long plaintiff worked, and as to the terms of the contract, after a verdict for plaintiff for one dollar, a refusal to enter a judgment *non obstante veredicto* for the full amount plaintiff would have earned in a year under the contract was not error.

2. TRIAL—INSTRUCTION ON REQUEST OF JURY AS TO AMOUNT OF RECOVERY HELD NOT ERROR.—In an action by an architect against defendant for the value of plans and supervision for a year, defended on the ground that plaintiff had been paid for the time he worked, evidence *held* conflicting as to amount, if any, that plaintiff might recover, so that an instruction, in reply to a question of the jury whether they must return a verdict for the full amount sued for or nothing, to return a verdict for the amount they found due, was not error.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Mr. J. E. Morrison, for Appellant.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellee.

ROSS, C. J.—A. W. Gregg sued H. P. De Mund for the reasonable value of his services—alleged to be $6,250 for preparing plans and specifications for a warehouse building to be erected in the city of Phoenix, and for supervising the construction thereof from February 15, 1920, to February 15, 1921, crediting defendant with payments in the sum of $716.66. Defendant in his answer states the contract and its performance as follows: That on February 15, 1920, he employed plaintiff, under a verbal contract, to prepare or procure plans and specifications for such building, and thereafter supervise its construction at an agreed compensation of $250 per month, the contract of employment to continue only during the pleasure of both parties. The plaintiff entered upon the contract and served thereunder until April 26, 1920, on which date he voluntarily quit defendant's employment. That defendant paid plaintiff for his services at said rate of $250 per month from February 15 to April 26, 1920, and on the last date he settled with plaintiff in full. The case was tried before a jury and after the jury had heard the evidence, instructions and arguments, it retired to consider its verdict. It later returned into court, and through one of its members asked the following questions:

"I did not quite understand; we are supposed to bring in a verdict for the full amount or nothing, are we not?"

Then followed this colloquy:

"The Court: The amount sued for is $5,533. . . . Whatever amount you find due you may bring in a verdict for. . . . Do counsel agree to that?

"Mr. Morrison (Attorney for Plaintiff) : Yes.

"Mr. Gust (Attorney for Defendant) : No; I do not agree with that; I submit to the ruling of the court, but I will not stipulate.

"The Court: I cannot say that you have to find the whole amount or nothing; I do not say that. I say in any amount that you find, you may so bring in your verdict.

"Mr. Morrison: Not in excess of the amount sued for."

The jury's verdict was in favor of plaintiff in the sum of one dollar. The plaintiff moved for judgment *non obstante veredicto,* which motion was denied. He then moved that the verdict be vacated, and he granted a new trial, which was likewise denied. After judgment was entered, he moved it be set aside and for a new trial. This motion was denied.

The plaintiff appeals, and assigns all these rulings as error, because he says the undisputed and uncontradicted evidence is that the value of the services sued for was in excess of the amount asked, and that the verdict of one dollar, in favor of plaintiff, was tantamount to finding all the issues in plaintiff's favor, including the damages claimed. To sustain this position of plaintiff, it is necessary to hold that the verdict for one dollar in his favor is conclusive, not only that the services sued for were worth the sum of $6,250, but that he actually performed such services, that is, that plaintiff made the plans and specifications, and continuously supervised the job until it was completed, or was in the employ of defendant from January 15, 1920, to February 15, 1921. While plaintiff, and two or three other witnesses, testified, and no one disputed them, that to prepare

the plans and specifications for, and supervise the building of, the structure in question was worth the sum sued for and more, there was a sharp conflict as to whether plaintiff in fact did supervise the construction longer than April 26, 1920. The defense, as set out in the answer, was that plaintiff quit the contract on the last-named date. If that be true, and it was a question of fact for the jury, even though the contract were as plaintiff contends, he would be entitled to the reasonable value of his services, only to that date, and not the sum he might have earned by staying with the job until it was finished.

The terms of the contract were in dispute. It was for the jury to determine which was right. The jury might have believed the defendant's contention, and still for reasons apparent of record given a nominal verdict to plaintiff: Because the court had advised them that they need not bring in a verdict for the full amount sued for, or for nothing, but that their verdict could be for "whatever amount you find due," to the correctness of which instruction, plaintiff's counsel assented; and because the testimony is to the effect that the cement contractor, on one occasion after April 26th, sent for plaintiff to help him locate some grade stakes, which occupied a short time. The jury might have concluded that defendant had sustained, by the weight of the testimony, his contention as to the terms of the contract, and that plaintiff had quit his employment and was paid off in full, as alleged on April 26th, and still have felt that plaintiff was entitled to be compensated the reasonable value of his services in locating grade stakes, and accordingly adjusted their verdict to allow him therefor one dollar.

Under the evidence and issues, the court's instructions to the jury, in response to their question, was

not erroneous. At the time it was given plaintiff admitted it to be correct, and says naught to the contrary at this time. If the jury believed defendant's contention that plaintiff quit the employment in April, a verdict for the full amount asked would have been without support in the evidence.

Plaintiff relies upon what was said by this court in *Ocana* v. *Ray Consolidated Copper Co.*, 22 Ariz. 112, 194 Pac. 959, as conclusive authority for his contention that a verdict for one dollar was a verdict for him upon all of the issues in the case. The Ocana case is not like the one at bar either in its facts or law. Ocana was suing for damages for personal injury under the Employers' Liability Law (Civ. Code 1913, pars. 3153–3179). There was no question about his injury, and that he had suffered a substantial loss thereby. The only question controverted was as to whether the accident, causing his injury, was of the kind entitling him to recover. And this issue being decided in his favor, the court held he was entitled "to recover such damages as he had sustained." The damages claimed here are controverted by the answer and by the testimony of several witnesses who testified plaintiff was not on the job after April 26th. If the jury believed these witnesses, and they evidently did, they could not allow plaintiff anything for supervising the building after that date, but they might have felt defendant should pay him for his time in locating the grade stakes for the cement contractor.

This is not a case where one party affirms a contract and the other denies it, and where its establishment entitles a full recovery, or a failure to establish it, no recovery whatever, as in *Powers* v. *Gouraud*, 19 Misc. Rep. 268, 44 N. Y. Supp. 249, cited by plaintiff. There is nothing in this record indicating that the jury acted in disregard of the testimony or

from passion or prejudice, and we are not satisfied from the evidence that the verdict is inadequate.

The judgment is affirmed.

McALISTER and FLANIGAN, JJ., concur.