PIERSON, APPELLANT, v. HERMANN, APPELLEE.

[Cite as Pierson v. Hermann, 3 Ohio App. 2d 398.]

(No. 7986—Decided September 28, 1965.)

*Messrs. Volkema, Redmond & Wolske* and *Mr. Russell H. Volkema,* for appellant.

*Messrs. Dresbach, Crabbe, Newlon, Bilger, Brown & Jones, Mr. Charles E. Brown* and *Mr. Wilbur W. Jones,* for appellee.

TROOP, J. Plaintiff in the trial court, Ralph Pierson, appellant here, received a judgment against the defendant in the trial court, Earl M. Hermann, and then filed a motion for a new

trial which was overruled. This appeal by the plaintiff is from that judgment and final order. The judgment is predicated upon the verdict of a jury.

The cause of action arose out of an automobile accident, the plaintiff claiming property damage, personal injury, and aggravation of an existing injury as a result of the negligence of the defendant. A jury trial resulted in a verdict for the plaintiff in the sum of $142 for the amount of the property damage prayed for, and allowing nothing for personal injury or aggravation to existing injuries.

Seven assignments of error are advanced to support the appeal. The first two can be considered together. They are that the court erred in overruling the motion of the plaintiff for a directed verdict in his favor and in permitting the jury to consider the issue of contributory negligence. Assume that the court was in error. It cannot be said that the error was prejudicial when the jury returned a verdict for the plaintiff. The plaintiff won the lawsuit and the jury had to find the defendant negligent, and certainly with that result, did not find the plaintiff contributorily negligent. 4 Ohio Jurisprudence 2d 355, Section 1035, sets out the following rule:

"* * * where the court might properly have rendered judgment for one party on the pleadings but instead submitted the case to the jury, any error in the instruction will be regarded as immaterial if the jury render a verdict for the same party. Similarly, where the court should have directed a verdict, error in the instructions given which otherwise would be prejudicial is rendered harmless if the jury finally renders the verdict which should have been directed."

The first two assignments of error are not well taken.

Plaintiff's third and fourth assignments of error have to do with a comment made by counsel for defendant in the course of his final argument. It is urged that the comment constituted prejudicial misconduct sufficiently serious to entitle the plaintiff to a new trial, particularly since the trial court failed to charge the jury especially to disregard the statement. The objectionable comment is as follows:

"* * * we have been in cases before where people have tried to put something over on somebody, but this is the most ridiculous I have ever seen."

It is difficult to locate tests relative to the propriety of comments. It is clear that there are limits beyond which counsel may not go without risking a reversal. Some descriptive terms used in the older cases to describe the improper are "vicious," "reprehensible," "grossly abuses his privilege," and "scurrilous." It is not uncommon to find "persistent" "gross abuse" in cross-examination and argument criticized and the basis for a new trial or reversal.

Some more recent decisions emphasize the element of sound discretion in determining the propriety. The third paragraph of the syllabus in the case of *Hall* v. *Burkert* (1962), 117 Ohio App. 527, reads as follows:

"In argument to the jury in a negligence action, counsel may persuade and advocate to the limit of his ability and enthusiasm, so long as he does not misrepresent evidence or go beyond the limits of propriety set upon his arguments by the trial court in its sound discretion."

Misconduct of counsel in argument is soundly criticized and the necessity of prompt intervention of the trial court in instances of abuses is emphasized in *Golamb* v. *Layton* (1950), 154 Ohio St. 305. Nevertheless, the place of sound discretion is recognized. Paragraph four of the syllabus is as follows:

"Such matters often rest in the sound discretion of the trial court and where it is apparent from the peculiar facts and circumstances of the particular case that such discretion has not been abused a reviewing court will not ordinarily interfere."

A proposition announced in 4 Ohio Jurisprudence 2d 213, Section 964, seems to have particular application in the instant case. It reads as follows:

" * * * A judgment will not be reversed because counsel in his argument used language which was not entirely justifiable, because he overstepped the bounds of professional conduct and the trial court neglected its official duty in permitting him to do so, * * * where the reviewing court is unable to conclude that the verdict was influenced thereby or that a different verdict would have been rendered if the improper language had not been used."

It is noted that the verdict in this case was for the plaintiff. The record reveals that the Industrial Commission paid the

hospital bills and surgeons' fees in an operation to correct ruptured discs in plaintiff's vertebrae due to an industrial accident prior in time to the accident out of which this cause of action arose, and which the jury could have believed was the sole cause of the injuries suffered by the plaintiff, which makes it difficult to be sure that the verdict would have been different if the improper language had not been used. The third and fourth assignments of error are not well taken.

Assignment of error number five is addressed to special instructions given and not given. The court gave a special instruction on contributory negligence offered by the defendant and refused to give one holding the defendant negligent per se offered by the plaintiff. In addition to the comments made in connection with assignments of error one and two, which are pertinent here, attention is called to the case of *Miller* v. *Johnson* (1953), 68 Ohio Law Abs. 513, decided by this court when the Second District, and which bears a close resemblance to the instant case.

Paragraphs one and two of the headnotes, on page 514, read as follows:

"1. A failure to give requested charges based on the question of the negligence of defendant as a matter of law could not have been prejudicial to plaintiff where the verdict of the jury was in favor of plaintiff and was grounded upon the negligence of defendant.

"2. The improper charging of the jury on contributory negligence could not have been prejudicial to plaintiff where the verdict indicates that the jury found plaintiff was not guilty of contributory negligence."

As pointed out above, a verdict for the plaintiff means that the jury must have found the defendant negligent and the plaintiff free of contributory negligence.

Objection to the special instruction relating to the claimed aggravation to existing injury is not so easily resolved. Defendant's special instruction numbered seven, which the court gave to the jury, says that the jury is not to award damages for aggravation unless the defendant proved "by a preponderance of the evidence, that such aggravation, if any, was substantial." Objection is strenuously made to the use of the word "substantial." Counsel for the defendant rely upon the

language used in the appropriate instruction suggested in 2 Ohio Jury Instructions which contains the word "substantial." The instruction suggests as an alternate term the word "appreciable."

Webster defines appreciable as "capable of being perceived and recognized or of being weighed and appraised." Substantial means "something of moment" or "an important or material matter, thing or part." The second paragraph of the syllabus in *Lopresti* v. *Community Traction Co.* (1954), 160 Ohio St. 480, states:

"In a wrongful death action, where it is claimed that the death was accelerated by the wrongful act of the defendant, recovery can be had only where it is shown by the evidence that death was accelerated by an appreciable period of time as a direct result of the wrongful act."

In our opinion, a concept of "substantial" injury is not appropriate in determing liability under negligence law. It invites a jury to distinguish between a small, little or insignificant injury and a so-called substantial one. It also invites a blurring of the distinction between determining the fact of an injury and determining the degree or amount. An injury must be appreciable, *i. e.*, capable of being weighed and appraised. However, if the plaintiff has suffered a measurable injury, the defendant is liable for all direct or proximate results, and not merely for a substantial loss of earnings, or substantial pain, or a substantial aggravation of a pre-existing injury.

We are aware of the cases involving death awards under the Workmen's Compensation Act in which the Supreme Court has referred to the necessity of showing that death was accelerated by a "substantial" period of time. See *McKee* v. *Electric Auto-Lite Co.* (1958), 168 Ohio St. 77; *Senvisky* v. *Truscon Steel Division of Republic Steel Corp.* (1959), 168 Ohio St. 523; and *Meese* v. *Wylie, Admr., Bureau of Workmen's Compensation* (1959), 169 Ohio St. 252. Upon a careful review of those cases it is doubtful that they can be considered authoritative on this point. Neither the facts nor the reasoning required the court to consider whether there could be an apprecible acceleration which was not a substantial acceleration. In the initial case of *McKee*, Judge Stewart cited *Lopresti, supra,* and appears to have used the word, "substantial," as synonymous

with "appreciable." See 168 Ohio St., at 82 and 83. In any event, we believe those cases should be limited to the very peculiar problem of controlling benefit awards in "accelerated death" cases under the Workmen's Compensation Act.

While this court disapproves of the use of the word, "substantial," in connection with a definition of an aggravation injury in negligence actions, we find no reversible error in this instance. The plaintiff, however inadvertently, induced the error by himself using the same word in his own special instruction requests, and by failing to make any specific objection to its usage in the defendant's request.

A rather sweeping decision by the 7th District Court of Appeals brings us to the only real problem in the case before us. In the case of *Connor, a Minor,* v. *Atlantic Freight Lines, Inc.* (1956), 77 Ohio Law Abs. 88, that court announces this rule as follows:

"1. Where the jury finds in favor of the plaintiff any errors as to him other than the sufficiency of the verdict have all been resolved in favor of plaintiff and he could not be prejudiced thereby."

The final two assignments of error attack the verdict of the jury, suggesting that it is against the manifest weight of the evidence, as it relates to the injuries of the plaintiff, and that it was influenced by passion and prejudice. A more simple objection covering both assignments is that the verdict is inadequate. It is established that a new trial can be granted for inadequacy of verdict. (40 Ohio Jurisprudence 2d 585, Section 76.) The serious question is under what circumstances is such a course justified.

This court, then the Second District, has decided several cases in which the inadequacy of the verdict was a major question. In one of the cases a new trial was granted where the jury had allowed $425 to a plaintiff with a life expectancy of 12 years and who established the loss of the use of his left shoulder. *Brannon* v. *Bowers* (1946), 46 Ohio Law Abs. 444. In two other cases a new trial was not granted, the first of which is *McAllister* v. *Soule* (1937), 24 Ohio Law Abs. 118. Two rules announced (paragraph six and seven of the headnotes) need be noted, as follows:

"6. A verdict of $400 will not be reversed as inadequate

where from the record the jury was well within its province in determining that the plaintiff suffered no major injuries as claimed, * * *.

"7. The burden of proving the nature and extent of the injuries and the damages resulting therefrom is upon the plaintiff."

The *Miller case, supra,* closely resembles the instant case in many particulars and in which the jury returned a verdict of only $37.73. Several propositions announced (headnotes, page 514) are worthy of note. They are as follows:

"3. A general verdict of a jury must be sustained as not against the manifest weight of the evidence unless it is clearly inconsistent with any theory provable under the issues and which the evidence tends to support.

"4. Whether or not there was a causal connection between a head injury and thrombosis attack is a factual question, the burden of proof being upon the plaintiff who alleges the connection.

"5. A reviewing court is required to resolve every reasonable intendment in favor of the verdict of the jury.

"6. Where the evidence is susceptible of more than one construction a reviewing court is bound to give that interpretation which is consistent with the verdict and judgment."

In the *Connor case, supra,* a fundamental rule is reiterated in the headnotes, as follows:

"2. It is within the province of the jury to determine what injuries plaintiff suffered."

In the case before us, the plaintiff offered evidence tending to support his averments of injury and aggravation to his existing injury. The defendant likewise offered testimony which directly refuted any claims of the plaintiff to injury received in the accident and also offered testimony refuting plaintiff's aggravation theory. In fact, the jury could well believe from the evidence adduced by the defendant that the sole cause of the operation required to be performed on the plaintiff's injured vertebrae was the industrial accident suffered by the plaintiff antedating the accident out of which this cause of action accrued by several months. Most of the evidence bearing upon injury and aggravation came from experts produced upon both sides of the case.

A reading of the record is convincing that the jury was well within its province in determining that the injury to plaintiff's vertebrae was not aggravated by the accident in the present case. There was also persuasive evidence that the plaintiff received no injuries at all from the accident. The statements made by the plaintiff as to the investigating officer and the defendant at the time of the accident bear most strongly in that direction.

The state of the record so strongly supports the conclusion of the jury that it cannot reasonably be said that the jurors were influenced by passion and prejudice. The assignments of error are not well taken. There is no error prejudicial to the plaintiff and the judgment of the trial court is, therefore, affirmed.

*Judgment affirmed.*

BRYANT, P. J., and DUFFEY, J., concur.