409 P.2d 280

**Ralph L. MEYER and Peggy Ellen Meyer, husband and wife, Appellants,**

**v.**

**Ronald J. RICKLICK and Ray J. Ricklick, Appellees.**

No. 7648–PR.

Supreme Court of Arizona.

En Banc.

Dec. 29, 1965.

Rehearing Denied Jan. 18, 1966.

McKesson, Renaud & Cook, Phoenix, for appellants.

Stockton & Aldrich, Phoenix, for appellees.

UDALL, Justice.

This cause is before us on a petition to review the decision of the Court of Appeals which reversed a judgment of the Superior Court and granted a new trial. Meyer v. Ricklick, Ariz.App., 405 P.2d 285.

This case arose out of an automobile accident in which Peggy E. Meyer, hereinafter referred to as plaintiff, sustained personal injuries. She brought suit resulting in a verdict and judgment in her favor for five thousand five hundred dollars ($5,500) which she appeals as being inadequate.

At trial plaintiff introduced evidence tending to prove $5,497.45 in special medical damages. Included in this amount was the bill of Dr. Daniel T. Fridena, Jr., for $3,546.00 which had not been paid. Although neither party introduced evidence regarding reasonableness of these charges, Dr. Fridena and plaintiff testified fully as to the treatment rendered and the length of such. Other medical expenses were testified to by plaintiff.

In her complaint plaintiff alleged, and on direct examination testifed she earned $500 per month as an average over the six months immediately preceding the accident, and thereafter was unable to continue in such employment due to her injuries. Considerable doubt was placed on this allegation by the evidence introduced concerning her earnings prior to the accident, wherein her employer's records revealed that the commissions she earned from August 1957, through January 1958, amounted to only $2,091.73, and for the entire year of 1957 only $2,448.65. The determination of her loss of earnings due to the injury was left to the jury under proper instructions.

In addition to uncertainty of her loss of earnings the evidence was conflicting regarding the proximate cause of her disability and the extent thereof. It was brought out by the evidence that she had a congenital deformity of the spine and in 1951 was involved in another automobile accident, after which she received treatments from an osteopathic physician.

In Carr v. Florian, 43 Ariz. 149, 29 P.2d 728, an alleged inadequate verdict was upheld with an apt quotation regarding the role of the appellate tribunal in cases of this nature:

"'The trial court, in passing upon a motion for new trial based upon the ground that the verdict of the jury is inadequate or excessive, will consider the evidence, and, if that court is of

·the opinion that substantial justice has not been done, it will, in the exercise of its duty, grant a new trial. Daigle v. Rudebeck, 154 Wash. 536, 282 P. 827. But the function of this court is different, and the ruling of the trial court upon the motion will not be disturbed upon appeal, unless it can be said that the verdict is so far inadequate or so excessive as to be without support in the evidence, or it must appear that the verdict was the result of some extrinsic consideration, such as bias, passion, or prejudice on the part of the jury. Dorian v. Benj. E. Boone, Inc., 152 Wash. 681, 279 P. 107.' " (43 Ariz. at 155, 29 P.2d at 730.)

We note that Ocana v. Ray Consolidated Copper Co., 22 Ariz. 112, at 114, 194 P. 959, contains some misleading language regarding the viewing of the evidence by the appellate court.[1] Recent decisions of this Court have clarified the rule without commenting on the language of Ocana. E. g., Stallcup v. Coscarart, 79 Ariz. 42, 282 P.2d 791, wherein it is stated:

"Under well-established rules where the sufficiency of the evidence to sustain the judgment is questioned we must, in considering whether the judgment entered was proper, resolve every conflict in the evidence and every inference which can reasonably be drawn therefrom in favor of plaintiff. In other words, *we must view the evidence in a light most favorable to sustaining the verdict* and if there is any substantial evidence from which reasonable men could have found ultimate facts to be such as will sustain the verdict, the judgment will be affirmed. Curlee v. Morris, 72 Ariz. 125, 231 P.2d 752." 79 Ariz. at 45, 282 P.2d at 793. (Emphasis added)

See also, Nalbandian v. Bryan Jackson Pumps, Inc., 97 Ariz. 280, 399 P.2d 681, and Truck Insurance Exchange v. Hale, 95 Ariz. 76, 386 P.2d 846.

The size of a verdict in a personal injury action is not alone sufficient evidence of prejudice and passion on the part of the jury. Keen v. Clarkson, 56 Ariz. 437, 108 P.2d 573. The amount of damages for personal injury is a question particularly within the province of the jury. Wise v. Monteros, 93 Ariz. 124, 379 P.2d 116. The jury's judgment is to be sustained unless it is so exorbitant as to indicate passion, prejudice, mistake or a complete disregard of the evidence and instructions of the court. City of Yuma v. Evans, 85 Ariz. 229, 336 P.2d 135.

"* * * Viewing the evidence in the light most favorable to the plaintiff, which we are required to do, the following facts are established: * * *"

---

1. It is stated in that decision, 22 Ariz. at 114, 194 P. at 960.
   "The verdict imports a verity as to the party in whose favor it runs.

In an action for personal injuries, the law does not fix precise rules for the measure of damages but leaves their assessment to a jury's good sense and unbiased judgment. Young Candy & Tobacco Co. v. Montoya, 91 Ariz. 363, 372 P.2d 703; Rodgers v. Bryan, 82 Ariz. 143, 309 P.2d 773. Where there is conflicting evidence as to the extent of a motorist's injuries in an automobile collision it is a question for the jury. It is not for the trial court nor for appellate court on appeal to determine the amount of money which would compensate plaintiff for her injuries. Keen v. Clarkson, supra. See also, Pierson v. Hermann, 3 Ohio App.2d 398, 210 N.E.2d 893.

Applying these principles of law to the instant case it is our opinion upon viewing the evidence in the light most favorable to sustaining the verdict that there is substantial evidence from which reasonable men could have found for the plaintiff in the amount in question. The jury could very well have limited their verdict based on any or all of the following factors: (1) that the medical expenses she allegedly incurred were not proven as reasonable; (2) that her loss of earnings were not as much as she asserted; (3) that some part of such medical expense and loss of earnings may have been due to either the congenital deformity of the spine or the prior automobile accident; (4) that her future earning capacity, as a real estate saleswoman, would not necessarily be substantially affected by the physical disability proximately caused by the accident in question. Nothing in this record indicates that the verdict was the result of some extrinsic consideration such as bias, passion or prejudice on the part of the jury. The decision of the Court of Appeals, Division 1, is therefore vacated, and the judgment of the Superior Court is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and McFARLAND, JJ., concur.