KANTOR ET AL., APPELLANTS, *v.* MCKINLEY, APPELLEE.

[Cite as Kantor v. McKinley, 9 Ohio App. 2d 243.]

(No. 2969—Decided March 5, 1966.)

*Messrs. Smith & Schnacke* and *Mr. Samuel A. McCray,* for appellants.

*Messrs. Curtner, Selva, Parkin & Seller,* for appellee.

CRAWFORD, J. This is an appeal on questions of law from a judgment for defendant entered upon defendant's motion at the conclusion of plaintiffs' evidence. That action of the court is the subject of the sole assignment of error.

According to the pleadings and the evidence, plaintiff Pauline Kantor and defendant were driving their respective automobiles eastwardly on East Main Street in the village of Trotwood on September 9, 1961, defendant being to the rear of the plaintiff Pauline Kantor. When they approached the intersection of Olive Road, plaintiff Pauline Kantor stopped at or near a stop sign. Defendant's car continued forward and collided with the rear end of such plaintiff's car, injuring such plaintiff.

Plaintiff Pauline Kantor claims that, as a result, she suffered a cervical sprain and aggravation of a pre-existing pseudoarthrosis condition, pain, suffering, permanent injuries and partial disability. Her husband joins as a party plaintiff, praying for reimbursement for medical and hospital expense.

Plaintiff Pauline Kantor testified as to her injuries and to having ultimately undergone successful corrective surgery. Her

husband furnished certain corroboration. The case is complicated by an extended history of back weakness, previous surgery and an earlier accident. There is evidence of the pre-existence of pseudoarthrosis, or false joint—that is, a broken bone which fails to heal, etc.

Dr. Joseph A. Freiberg, who performed the operation in question on the plaintiff Mrs. Kantor following the accident here alleged, testified as follows:

"Q. With regard to Mrs. Kantor and the examinations and history that you took from her and also including her x-ray study, will you tell the ladies and gentlemen of the jury, please, whether or not you have an opinion with reasonably medical certainty as to the causal connection, if any, between the complaints of pain that Mrs. Kantor related to you and the accident which she described to you as occurring on September 9th of 1961?

"* * *

"Q. Do you have an opinion?

"* * *

"A. Yes.

"Q. What is your opinion, Doctor?

"* * *

"A. My opinion was, very briefly, that the accident which occurred, from the history and as told me, in September 1961, aggravated a pre-existing condition, namely her pseudoarthrosis."

Dr. Freiberg said it was impossible for him to state the amount or degree of aggravation.

In the process of withdrawing the case from the jury, the court said, we believe correctly, that the evidence showed that the defendant was negligent, that there was a causal connection between his negligence and the collision, and that, although there was no evidence of the alleged cervical sprain, "the doctor did indicate that as a result of the accident, that the accident aggravated the condition. Beyond that point, there is no testimony.

"The doctor testified, also, * * * that it was impossible for him to determine the degree of aggravation. Now in this situation the law, as announced by the Supreme Court, is that there must be a substantial aggravation."

The court summarized as follows:

"It is on this critical issue of the failure to establish that the aggravation was substantial and the testimony of the doctor that it was impossible to determine or express any opinion on the degree of aggravation that the court is withdrawing the case from the jury"

We are not aware of any rule that a plaintiff, in order to carry his case to a jury, must show that his damages or the aggravation of a pre-existing injury is substantial. On the contrary, the Court of Appeals of the Tenth District has declared, in *Pierson* v. *Hermann*, 3 Ohio App. 2d 398:

"2. If a plaintiff has suffered a measurable or appreciable injury, or aggravation of an existing injury, the defendant is liable for all direct and proximate results and the plaintiff is not required to show a substantial aggravation of a pre-existing injury.

"3. A concept of substantial injury is not appropriate in determining liability under negligence law, and an instruction to the jury using the term, 'substantial,' instead of the term, 'appreciable,' is erroneous."

Defendant has referred us to 2 Ohio Jury Instructions, Civil, Section 23.10, Aggravation. The form of charge there recommended, as quoted in defendant's brief, obviously preceded the *Pierson* case. Soon after the decision in that case, this suggested instruction was revised so as to eliminate the word "substantial"; and the *Pierson* case was cited in a footnote.

It is not within the scope of this case, where no jury instructions were given, to pass upon either the old or new versions of this recommended instruction. However, it is interesting to note that in the old form the question whether damages were substantial (had that been a proper question) was to be left to the jury. Likewise, under the new form, which uses the words "appreciable" and "measurable," these questions are to be left to the jury.

It was error to require plaintiffs to show "substantial" injury or aggravation. As the court stated, there is evidence of aggravation. Reasonable minds could reasonably conclude that plaintiff Mrs. Kantor had been damaged. The existence and extent of damage were for the jury to decide.

The task of arriving at an exact verdict might not have

246

been an easy one; but if the evidence requires, the difficulty of decision will not release the jury from its duty.

The judgment will be, and hereby is, reversed and the cause remanded to the Court of Common Pleas for a new trial.

*Judgment reversed.*

SHERER, P. J., and KERNS, J., concur.