## JOSEPH D. CAYFORD *vs.* GREENLEAF A. WILBUR.

### Somerset.   Opinion May 14, 1894.

*Physician.   Negligence.   New Trial.   Damages.*

A physician, undertaking the care and treatment of a patient standing in need of his services and employing him, contracts that he possesses ordinary skill, that he will use ordinary care, and exercise his best judgment in the application of his skill to the case which he undertakes.

His liability does not depend upon the skill which he possesses, but rather upon the fact whether he has applied that reasonable skill and diligence which is ordinarily used in his profession.

These are questions of fact to be determined by the jury. And where the evidence is conflicting upon points which are vital to the result, the conclusion reached by the jury will not be reversed, unless the preponderance against the verdict is such as to amount to a moral certainty that the jury erred.

ON MOTION.

The case appears in the opinion.

*Merrill and Gower*, for plaintiff.
*Walton and Walton*, for defendant.

SITTING : PETERS, C. J., WALTON, FOSTER, WHITEHOUSE, WISWELL, JJ.

FOSTER, J.   Action on the case to recover damages sustained by the plaintiff in consequence of the alleged careless, unskillful and negligent manner in which the defendant as a surgeon treated the plaintiff in reducing a fracture of both bones of the plaintiff's leg.   A verdict was rendered for $2075, and the case is now before the court on motion of the defendant to set aside that verdict.

A careful examination of the evidence satisfies us that the motion cannot properly be sustained.

Upon the legal propositions which the case presents, and by which the defendant in the discharge of his duties must be bound, there seems to be little if any controversy. It has become a familiar and well-established principle of law that the physician, undertaking the care and treatment of the patient standing in need of his services and employing him, contracts that he possesses ordinary skill, that he will use ordinary care, and exercise his best judgment in the application of his skill to the case which he undertakes. Nor does the question of his liability depend upon the skill he possesses, but upon the fact whether he has applied that reasonable skill and diligence which is ordinarily used in his profession. Whether he has exercised that skill, or has been guilty of a lack of ordinary care and want of ordinary skill and attention in any given case, is always a question of fact for the jury. And in the present case, with the burden of proof upon the plaintiff to establish a want of ordinary skill and care on the defendant's part, and no contributory negligence on his own, the jury have found in favor of the plaintiff.

It would subserve no general purpose to enter upon a full analysis of the evidence bearing upon the questions at issue in this case. The testimony was more or less conflicting, and the jury must have drawn their own conclusions respecting these questions of fact from having seen and heard the witnesses. No complaint is made to the charge of the presiding judge, and we must assume that the law was correctly given to the jury, and by which they were to be governed in determining the facts. Without proof arising out of the evidence, or otherwise presented, that the jury were influenced by some improper bias, prejudice or influence, we do not feel authorized to assume that such was the case and for that reason cause the verdict to be set aside. With the evidence conflicting, it was the province of the jury to decide those controverted questions, and this they have done. Where the evidence is conflicting upon points which are vital to the result, the conclusion reached by the jury

will not be reversed, unless the preponderance against the verdict is such as to amount to a moral certainty that the jury erred. There is no such preponderance in this case.

Nor are the damages so excessive as to justify the court in disturbing the verdict on that ground. If the plaintiff is entitled to recover, then the damages in a case of this nature, and from all the evidence in the case upon that branch of it, do not seem to us excessive. As a general rule, the parties are entitled to the judgment of the jury and not of the court upon that question. There are cases, to be sure, where the court will intervene; but those cases will be governed by the evidence and circumstances of each particular case. The court will not, however, set verdicts aside on the ground that the damages are excessive or inadequate unless it is apparent that the jury acted under some bias, prejudice or improper influence, or have made some mistake of fact or law.

*Motion overruled.*