Jean Claude **POULETTE**

v.

**HERBERT C. HAYNES, INC.**

Supreme Judicial Court of Maine.

Nov. 13, 1975.

Rudolph T. Pelletier, Madawaska, for plaintiff.

Barnes Law Office by Torrey A. Sylvester, Houlton, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD, and DELAHANTY, JJ.

POMEROY, Justice.

By reason of several cases which have come before this Court we are aware many

business practices in the potato-growing industry are peculiar to that industry.

This case makes it clear the same may be said concerning the business of collecting pulpwood.

We learn from the evidence in this case it is an accepted practice in the pulp-producing industry to have the owner of a "skidder" enlist the services of an entire woods crew in behalf of the cutting contractor.

It is not surprising then, that this case concerns itself with the employment status of two persons employed in a pulp cutting crew.

The defendant, Haynes, Inc., is a non-assenting employer within the meaning of 39 M.R.S.A. 2. As such he is precluded by the provisions of 39 M.R.S.A. 3 from asserting the defenses of assumption of risk, contributory negligence and negligence of fellow servants in any action to recover damages for personal injuries sustained by an employee arising out of and in the course of his employment.

This case is before us on appeal by the defendant from the entry of judgment on a jury verdict in the sum of $6,000.00 in favor of the plaintiff.

The complaint alleged plaintiff was an employee of defendant. The defendant's answer admitted the correctness of this allegation.

In a pretrial conference memorandum defendant stipulated plaintiff was his employee at the time of the accident.

On the day the trial was to commence and just prior to the selection of a jury, the appellant filed a motion for leave to amend his answer to deny that appellee was his employee at the time of the accident.

The presiding Justice denied the motion.

To this denial appellant seasonably objected.

In his statement of points on appeal, appellant alleges

(1) it was error for the trial Justice to deny its motion to amend its answer so as to permit the introduction of evidence concerning the plaintiff's employment status;

(2) there was no credible evidence to support the findings that the driver of the skidder was an employee of Haynes and was negligent;

(3) there was no credible evidence to warrant a damage award of $6,000.00; and

(4) although it does not maintain approved workmen's compensation insurance, it should be permitted to assert the contributory negligence of Poulette.

We deny the appeal.

■ Rule 15, M.R.Civ.P., provides, among other things, that a party may amend his pleadings once as a matter of course at any time before a responsive pleading is served; and when leave of Court is required as there provided, "leave shall be freely given when justice so requires."

This Rule, however, must be read in connection with Rule 16(c), which provides that a pretrial order, when entered, controls the subsequent course of the action unless modified at the trial to prevent injustice.

■ A motion for leave to amend an answer after the issues have been formulated by the entry of a pretrial order is necessarily addressed to the sound discretion of the presiding Justice.

One seeking to overturn the denial of leave to amend an answer, as appellant does here, must demonstrate a clear and manifest abuse of that discretion and must demonstrate granting such motion is necessary to prevent injustice.

■ Having in mind that the suit had been pending for nearly two years before the time of trial, we cannot find it was

clearly an abuse of discretion to have denied the motion to amend the answer. Furthermore, there is nothing in this record which demonstrates any injustice resulted from the denial.

A motion to amend the answer to deny that Lavoie, the operator of the "skidder," was an employee was granted. He had been employed in identical circumstances to those existing in the employment of appellee.

The employment status of Lavoie was thoroughly explored and the jury found as fact that he was an employee of appellant, Haynes, Inc.

If the jury was to be consistent, it would have to have found Poulette was also an employee of Haynes, Inc., had such status been in issue.

■ The jury determined that Leonard Lavoie was an employee of Herbert Haynes, Inc., and that it was his negligence which caused the plaintiff's injuries. These determinations must stand as long as there is credible evidence to support them. *Vaillancourt v. Gagnon,* Me., 314 A.2d 405 (1974).

On the issue of employment, the uncontroverted evidence established that:

(1) once the chief of the logging crew lined up a crew and submitted their names to (Herbert Haynes, Inc.) the appellant, appellant would obtain bonds and visas for them at its own expense and without reimbursement;

(2) appellant listed the crew members on its payroll and filed their names with the proper authorities for unemployment and payroll deduction purposes;

(3) appellant assigned the work areas and provided camps for more than half of its crews;

(4) a switch from one crew to another required appellant's approval and appellant could discharge a crew member even if the crew chief approved of his work; and

(5) appellant paid the crew members and the crew chief equally, deducted for their social security, income taxes, and unemployment compensation, and paid its required employers' share of their social security and unemployment taxes.

■ The right of control is the crucial factor which distinguishes an independent contractor from an employee. *Murray's Case,* 130 Me. 181, 154 A. 352 (1931).

■ The reasonable inference to be drawn from the above-cited evidence is that the appellant had the power of ultimate control over all the members of its logging crews. It follows, therefore, that the jury was warranted in finding that there existed an employer-employee relationship between appellant and Leonard Lavoie.

■ The jury could properly find from the evidence that Mr. Lavoie drove the "skidder" over one end of some logs on which appellee was working, causing them to come together and crush his right foot.

The jury could further find from the evidence that Lavoie had observed Poulette working on the logs and that there was ample room for the "skidder" to be maneuvered so that it would not come in contact with the logs.

A pure issue of fact was presented and decided by the jury adversely to appellant.

We find no merit to his contention that negligence of the defendant's agent was not demonstrated.

■ The measure of damages as determined by a jury is entitled to great deference. As we have said on numerous occasions,

"[D]amage assessment is the sole province of the jury and the amount fixed must stand unless it can be demonstrated that, 'the jury acted under some bias, prejudice or improper influence, or made some mistake of law or fact.' *Cayford*

*v. Wilbur,* 86 Me. 414, 29 A. 1117. '\* \* \* It is not for the reviewing court to interfere merely because the award is large, or because the court would have awarded less. Unless a verdict very clearly appears to be excessive, upon any view of the facts which the jury are authorized to adopt, it will not be disturbed. \* \* \*'" *Wallace v. Coca-Cola Bottling Plants, Inc.,* Me., 269 A.2d 117, 122 (1970); *Chenell v. Westbrook College,* Me., 324 A.2d 735 (1974).

▪ Of the $6,000.00 awarded in this case, $102.10 was stipulated to be the total medical expenses, and accepting the plaintiff's testimony as to the length of time he was out of work, $3,300.00 was attributable to lost wages. The approximately $2,500.00 which remains may be assumed to represent what the jury determined to be reasonable compensation for the pain and suffering endured by the plaintiff. Although the plaintiff was not permanently impaired by his injury, there was evidence that he did experience pain in his leg for a considerable time after the accident.

In the circumstances of this case, it cannot be said that the damage awarded was the product of prejudice or bias or was based upon some mistake of law or fact.

Lastly, defendant urges that it should have been allowed to assert the defense of contributory negligence even though it did not carry approved workmen's compensation insurance for its employees.

▪ To so hold would be in direct contravention of 39 M.R.S.A. 21 which provides in pertinent part;

"Any private employer other than those who employ 5 or less workmen or operators regularly in the same business who has elected not to be an assenting employer by not securing the payment of compensation under sections 21 to 27 shall, in a civil action brought by the employer . . . to recover for personal injuries or death sustained after

such election by the employer, arising out of and in the course of his employment shall not be entitled to the defenses set forth in section 3." (i. e., contributory negligence, fellow servant rule, assumption of risk.)

The only argument advanced by appellant in support of its position is that the statutory scheme of 39 M.R.S.A. 21 works manifest injustice on the non-assenting employer who maintains insurance, albeit unapproved, for its employees, but who cannot utilize the common law defenses when sued by one of those employees.

The Workmen's Compensation Act is entirely a creature of the Legislature. Any suggestion that it ought be amended should be addressed to the Legislature, not to the Court.

We find no merit to appellant's arguments.

The entry must be,

Appeal denied.

All Justices concurring.