**BANGOR MOTOR COMPANY**

v.

**John G. CHAPMAN**

v.

**STEARNS, FINNEGAN & NEEDHAM.**

Supreme Judicial Court of Maine.

Argued March 16, 1982.

Decided Nov. 16, 1982.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Malcolm L. Lyons, (orally), Michael D. Seitzinger, Augusta, for plaintiff.

Doyle, Fuller & Nelson, Michael J. La-Torre, (orally), Augusta, for defendant and third-party plaintiffs.

Gross, Minsky, Mogul & Singal, P.A., George Z. Singal, (orally), Bangor, for third-party defendant.

Before GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

VIOLETTE, Justice.

Plaintiff Bangor Motor Company and defendant/third-party plaintiff John G. Chapman timely filed appeals from a judgment of the Superior Court, Penobscot County, dismissing plaintiff's complaint and third-party plaintiff's complaint and denying their respective motions to amend their complaints. We vacate the judgment appealed from.

On appeal Bangor Motor Company (Bangor Motor) and Chapman raised three issues:

(1) Whether the presiding justice erred in concluding that Bangor Motor's action against Chapman did not present an actual controversy.

(2) Whether the presiding justice erred in concluding that Bangor Motor's action against Chapman was barred by collateral estoppel.

(3) Whether the presiding justice committed an abuse of discretion in denying Bangor Motor's and Chapman's oral motions for leave to amend their respective complaints.

At oral argument both Bangor Motor and Chapman conceded that the record did not establish the existence of a case or controversy between Bangor Motor and Chapman, and, accordingly, withdrew their appeal as to the first two issues. This leaves as the only issue for our consideration appellants' claim that the presiding justice abused his discretion in denying their oral motions for leave to amend their respective complaints. In addressing this issue we express no opinion as to whether this was an appropriate third-party action.

In July, 1979, Bangor Motor filed a complaint in Superior Court, Penobscot County, alleging that Chapman (president and principal stockholder of Bangor Motor, a Maine corporation) had breached covenants of warranties of good title and quiet enjoyment in a deed conveying to Bangor Motor a parcel of land situated in Bangor, Maine, by failing to disclose that an outstanding lease of the premises contained a valid option to purchase with a right in the lessee or assignee of first refusal of a bona fide offer to purchase. The complaint alleged that, after Bangor Motor's purchase of the property, the assignee of the lease asserted that option and plaintiff had been obliged by court order to convey the premises to the assignee for the option price of fifty thousand dollars ($50,000.00). The complaint prayed for damages for breach of warranty

and legal expenses. Defendant Chapman filed an answer and a third-party complaint against the law firm of Stearns, Finnegan & Needham, P.A., ("law firm") and attorney Francis E. Finnegan individually.[1] Chapman sought indemnity on the ground that the third-party defendants, who had represented him when the lease was made and at the time of the conveyance to Bangor Motor, had been negligent by failing to inform him that the option to purchase and right of first refusal was still in effect when he conveyed the premises to Bangor Motor and that he was required to give the lease assignee the 30 day notice of a bona fide offer to purchase provided for in the lease.

At a pre-trial conference on June 24, 1981, the Court ordered the pre-trial conference continued and directed that a pre-trial evidentiary hearing be held to determine two issues: (1) "Whether there is a real case and controversy between Bangor Motor and John G. Chapman;" and (2) "Whether the doctrine of collateral estopp[el] is applicable to the notice question in the matter between John G. Chapman and Stearns, Finnegan & Needham." It further directed that the matter be rescheduled for pre-trial conference after a ruling on the two issues. Both issues were pleaded as affirmative defenses in the law firm's answer. At the conclusion of the hearing on the two issues, counsel for the law firm orally motioned the court to dismiss the actions, at which point the following colloquy took place:

COUNSEL FOR LAW FIRM: Your Honor, if it please the Court, we did file affirmative defenses to provide a vehicle for whatever action. I will make an oral motion to dismiss based on those defenses, incorporating those defenses, based on the testimony here today.

I think that was the purpose of that pretrial order, was to have those specific issues brought up prior to hearing, prior to trial, whatever.

---

1. Francis E. Finnegan died after commencement of the third-party action and the action against him individually was subsequently dismissed.

THE COURT: That motion is going to be granted. This case really offends my sense of justice. I will put out a written order, but I think that collateral estoppel is appropriate here, and I certainly think that this is—there is no case or controversy except as between the corporation and Stearns, Finnegan who aren't the defendants. I mean, they aren't a defendant as a direct defendant. I really do not like this case at all.

COUNSEL FOR CHAPMAN: Well, Your Honor, may we ask for leave to amend because, as I pointed out earlier, I think by amendment we can allege a direct cause of action and, if we are wrong on that score, then that should be determined later.

The only thing I want to do is protect everybody's interest from the finality of this decision where amendment may be proper, and I believe that it may be such.

THE COURT: I have indicated that I am dismissing this case. I am going to get an order out no later than tomorrow, so it is going to be too late to amend.

COUNSEL FOR CHAPMAN: Well, I mean, I am just asking the Court to incorporate into its order leave to amend to add direct count from Bangor Motor Company against the firm and/or a derivative action by Mr. Chapman as shareholder against the firm.

COUNSEL FOR BANGOR MOTOR: I would join in requesting and moving at this time orally, given the Court's time frame, Your Honor, for leave to amend as Counsel for Bangor Motor Company, leave to amend to bring in present Third-Party Defendant as a direct defendant in this action.

COUNSEL FOR LAW FIRM: Your Honor, we've gone around the barn with this case since it was filed with just these issues, just these issues that we have gone time after time before. They've had golden opportunities to do it immediately. I raised these issues in my answer. This isn't anything new, and I've raised it every time we've been together, pretrial, previous motions for summary every time, and they have had ample opportunity to amend their complaint and mentioned it previously, and they haven't and I think this is the end result, is here.

We've reached the end.

THE COURT: I am eliminating this particular law suit. You should consult with your various Counsel and clients to determine whether or not there are other possible law suits available to you or causes of action and what they should be and how they should proceed, but this case is going to be dismissed.

Following the hearing, and on the same day, the judge entered written findings that (1) "The decision of the court in the action between Erin, Inc. [the lease assignee] and Bangor Motor Co. and John G. Chapman is binding as between them in this action: (2) as between the plaintiff and defendant in this case, this action is a sham suit aimed only at obtaining a judgment against the third-party defendant." The judge also ordered the plaintiff's complaint and the third-party complaint dismissed.

Both the plaintiff and the third-party plaintiff argue that the presiding justice committed an abuse of discretion in denying their respective motion to amend their pleadings. When the presiding justice announced that the law firm's motion to dismiss the complaints would be granted, counsel for Bangor Motor orally moved for leave to amend its pleading to assert a direct claim of negligence against the third-party defendant law firm. Representation had previously been made to the court that the law firm had represented Bangor Motor as well as Chapman in the conveyance of the real estate from Chapman to Bangor Motor. Chapman sought leave to amend his pleadings against the law firm to assert a direct claim as a stockholder of the plaintiff corporation. Both motions for leave to amend were summarily denied.

In seeking leave to amend their pleadings, Bangor Motor and Chapman were invoking the provisions of M.R.Civ.P. 15(a) which provides in pertinent part:

"A party may amend his pleading once as a matter of course at any time before a

responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

The Maine Rule tracks the language of the Federal Rule, Fed.R.Civ.P. 15. In dealing with both the Federal and Maine Rules, courts and commentators have properly stressed that the rule ought to be liberally applied to achieve the purpose set forth in Rule 1: the "just, speedy and inexpensive determination of every action." *Rancourt v. City of Bangor,* 400 A.2d 354, 356 (Me. 1979), 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.1 (1970); 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1471 (1971). The purpose of Rule 15 is to achieve the most expeditious resolution of litigation on its merits.

> The philosophy of the rules is that pleadings are not an end in themselves but only a means of bringing into focus the area of actual controversy. Leave to amend should be freely granted when justice so requires. A party should not be precluded by the technicalities of pleading from presenting his claim or defense on its merits unless the pleadings have misled the opposing party to his prejudice.

1 Field, McKusick, & Wroth, *supra.* Commenting on the requirement for leave of court unless the adverse party consents to the amendment, 1 Field, McKusick, & Wroth, *supra* at § 15.4 states:

> Such consent is freely given because of the known liberality of the court in granting leave. If the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice to the opponent.... obviously, prejudice means something more than an increased likelihood of defeat in the litigation if the amendment is granted.

In *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 224 (1962), reversing the denial of a motion to amend a complaint made after entry of judgment dismissing plaintiff's complaint for failure to state a claim, the United States Supreme Court held that:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given", [and that while the] grant or denial of an opportunity to amend is within the discretion of the District Court, ... outright refusal to grant the leave without any justifying reason for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

■ A motion to amend a pleading pursuant to Rule 15 is committed to the sound discretion of the trial court, and "[o]ne seeking to overturn the denial of leave to amend ... must demonstrate a clear and manifest abuse of that discretion and must demonstrate that granting such motion is necessary to prevent injustice." *Poulette v. Herbert C. Haynes, Inc.,* 347 A.2d 596, 598 (Me.1975); *see Rancourt v. City of Bangor,* 400 A.2d 354, 357 (Me.1979), *Minnesota Mining and Manufacturing Co. v. Superior Insulating Tape Co.,* 284 F.2d 478 (8th Cir. 1960).

■ Applying the foregoing standards to the instant case, we are unable to find any sustainable reason for the denial of the motions to amend. The Superior Court's expression of indignation at the movants' circuitous efforts to recover damages from an allegedly negligent law firm[2] does not

---

**2.** This route was apparently resorted to by the movants to avoid a statute of limitations bar to

a direct legal malpractice claim against the law firm. Movants believed that bar removed by

rise to the level of a finding of bad faith, if such can be inferred as a reason for the court's opinionless summary denial. A finding that an action presents no case or controversy, alone, is not sufficient to deny a motion to amend. Here, the court appeared to recognize that Bangor Motor could possibly assert a cause of action directly against the law firm. The facts of this case would not permit a finding of undue delay. The case had only reached the pre-trial stage and the pre-trial conference had been continued pending the determination of the issues to be decided at the evidentiary hearing. This case is clearly distinguishable from *Poulette, supra,* where we sustained the court's denial of a motion to amend an answer, made on the day of trial and after the issues for trial had been clearly defined in a pre-trial order.

We are further of the opinion that the evidence would not support a finding of undue prejudice. Allowing the movants to assert a claim of negligence directly against the law firm raises no new issue. Its alleged negligence had been raised and litigated since the filing of the third-party action. The fact that the amendment of movants' pleadings may include a realignment of the parties would not, in this case, justify denial of a motion to amend.

Finally, we find the law firm's reliance on *McNally v. Town of Freeport,* 414 A.2d 904 (Me.1980), inapplicable in this case. It is not argued that either of the movants would be unable, as a matter of law, to assert a claim for negligence against the law firm upon which relief could be granted. Our consideration of whether the movants should have been allowed to amend their pleadings does not require us to decide whether either of them can ultimately prevail on their respective claim.

We find it was an abuse of discretion for the presiding justice to deny the movants' motions for leave to amend their pleadings. *See Soper v. St. Regis Paper Company,* 341 A.2d 8 (Me.1975).

The entry is:

Appeals sustained.

Judgment of the Superior Court vacated.

Case remanded to Superior Court for entry of an order granting leave to amend.

All concurring.

the decision in *Anderson v. Neal,* 428 A.2d 1189 (Me.1981), approximately three months before the ruling appealed from in this case. In *Anderson* the Law Court held that a cause of action based on an allegedly negligent title search by an attorney accrued at the time the plaintiff discovered, or reasonably should have discovered, his injury.