Barbara BARKLEY et al.

v.

GOOD WILL HOME ASSOCIATION, et al.

Supreme Judicial Court of Maine.
Argued Sept. 16, 1983.
Decided July 26, 1985.

---

Lipman, Parks, Livingston, Lipman & Katz, P.A., Roger J. Katz (orally), Sumner H. Lipman, Augusta, for plaintiffs.

Garth K. Chandler (orally), Bangor, for Good Will Home Assn. and Joseph Jefferson.

John B. Cole, Lewiston, for Joseph Jefferson.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ., and DUFRESNE, A.R.J.*

NICHOLS, Justice.

The Plaintiffs, Barbara Barkley, Sandra Whittier and Christopher Winn, appeal from an order of the Superior Court (Kennebec County) dismissing their complaint as to one of the two Defendants, Joseph Jefferson. They argue that the court erred in denying them an opportunity to amend their complaint to state a cause of action against that Defendant.

We agree and vacate the judgment.

In April, 1982, the Plaintiffs filed a wrongful discharge action against the Defendants, Good Will Home Association, which was doing business as Hinckley Home School Farm, a private educational institution in Fairfield, and Joseph Jefferson. Good Will Home Association was the Plaintiffs' former employer and it appears that Jefferson served as its Executive Director.

Both of the Defendants made motions to dismiss the Plaintiffs' complaint. Dismissal as to Jefferson was sought primarily on the ground that as the executive director of a charitable institution, he was immune from suit. Various procedural deficiencies in the complaint were alleged. After a

hearing, the Superior Court gave the Plaintiffs leave to amend their complaint in order to cure these procedural defects. M.R. Civ.P. 15(a). Jefferson then moved to dismiss the amended complaint, again asserting that he was immune from suit as the executive director of a charitable corporation. There followed a second hearing, before a second Superior Court justice. Only thereafter did this justice notice what had hitherto escaped attention: Neither the original nor the amended complaint stated that Defendant Jefferson was the executive director of the Hinckley Home School Farm; neither pleading otherwise identified him; neither pleading stated what his relationship was to the Plaintiffs or how he might have injured them.

The Superior Court therefore dismissed the complaint as to Defendant Jefferson for failure to state a cause of action. M.R. Civ.P. 12(b)(6). The justice added in a footnote:

> The briefs of the parties do suggest that some legally significant relationships existed between Joseph Jefferson and the other parties. The briefs are not part of the pleadings which the Court considers in evaluating a motion to dismiss. Normally it would be appropriate to give the plaintiff opportunity to amend further rather than just grant the motion to dismiss. However, in this case, after receiving defendants' motions to dismiss and supporting memoranda, and after a hearing, the plaintiffs ... were already given opportunity to amend and did file an amended complaint which still does not state a claim against Joseph Jefferson.

Defendant Jefferson subsequently requested and was granted a final judgment embodying the dismissal.

Rule 15(a) of the Maine Rules of Civil Procedure provides that in order to amend a pleading after a responsive pleading is served, a party must obtain leave of court

---

* Dufresne, A.R.J., sat at oral argument and participated in the initial conference but his term as an Active Retired Justice expired before this opinion was adopted.

or written consent of the adverse party, but that "leave shall be freely given when justice so requires." Courts and commentators have repeatedly stressed that the Rule requires that leave to amend be liberally granted. *See, e.g., Bangor Motor Co. v. Chapman,* 452 A.2d 389 (Me.1982); 1 Field, McKusick & Wroth, Maine Civil Practice § 15.1 (1970).[1]

In this case, the presiding justice denied, without any valid reason, the Plaintiffs an opportunity to amend their complaint. There is no evidence of bad faith or dilatory motives on the part of the Plaintiffs. Neither is there any plausible ground for suspecting that Defendant Jefferson would be prejudiced by having to defend in an action in which he was originally named— especially when the amended complaint would merely state that which could have been assumed all along.

Finally, the Plaintiff's failure to state a cause of action against the Defendant Jefferson after having amended their complaint once does not constitute *repeated* failure to cure deficiencies by amendments previously allowed. *Cf. Williams v. Lewis,* 342 F.2d 727 (4th Cir.1965), *cert. denied,* 382 U.S. 814, 86 S.Ct. 30, 15 L.Ed.2d 61 (1965); *Shall v. Henry,* 211 F.2d 226 (7th Cir.1954) (leave to amend pleadings denied after several previous amendments had failed to cure deficiencies). In *Denny v. Barber,* 576 F.2d 465 (2d Cir.1978), the Court of Appeals for the Second Circuit sustained the denial of a second opportunity to amend, but based its decision specifically on the fact that prior to the first amendment, the district judge "had put plaintiff's counsel on the plainest notice of what was required" to cure the deficiencies. Here, by contrast, the Plaintiffs received no notice beforehand of the defect that gave rise to the dismissal of their complaint. Hence, the mere fact that they needed a second opportunity to amend did not deflect the general rule that leave to amend must be freely granted. *See Goldberg v. Meridor,* 567 F.2d 209 (2d Cir.1977), *distinguished in Denny v. Barber,* 576 F.2d 465 (2d Cir.1978).

In sum, we conclude that it was an abuse of discretion for the Superior Court to deny the Plaintiffs an opportunity to amend their complaint. We are not required to determine whether the Plaintiffs will ultimately succeed on their claims, and we intimate no opinion whatsoever on their likelihood of success. *See Bangor Motor Co.,* 452 A.2d at 393. The Superior Court should, however, enter an order granting the Plaintiffs leave to amend their complaint.

The entry is:

Order of dismissal of Defendant Jefferson vacated.

Remanded for further proceedings consistent with the opinion herein.

NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ., concurring.

---

**1.** The United States Supreme Court, interpreting the identical provision in the Federal Rules, held that:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given," [and that while the] grant or denial of an opportunity to amend is within the discretion of the District Court, ... outright refusal to grant the leave without any justifying reason for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). *Accord, Bangor Motor Co.,* 452 A.2d 389; *Rancourt v. City of Bangor,* 400 A.2d 354 (Me.1979).