STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-10-293

FIRST TRACKS INESTMENTS, LLC,
    Plaintiff

    v.

SUNRISE SCHOOLHOUSE, LLC,
    and
SALLY MERRILL,
    Defendants

ORDER ON
PENDING MOTIONS

Several motions are pending before the court in this case. Chronologically, the motions stretch back to this court's last order of November 8, 2010, which denied First Tracks, LLC ("First Tracks" or "plaintiff")'s motion for summary judgment because its support lacked an adequate evidentiary basis. Since then, the motions pending with the court are as follows:

I) Plaintiff's Amended Motion for Summary Judgment, with accompanying Memorandum of Law and Statement of Material Facts, filed December 8, 2010; with the defendants' Objection and Opposing Statement of Material Facts filed January 13, 2011;

II) Defendant Sally Merrill's Motion to Extend Time to Respond, filed December 28, 2010, with the plaintiff's Objection filed January 5, 2011;

III) Defendants' Motion to Amend Answer and Modify Scheduling Order, and Reply to Plaintiff's Objection to Motion to Enlarge Deadline, with Incorporated Memorandum of Law, filed January 13, 2011; the plaintiff's Objection filed January 25, 2011; the defendants' Reply to Plaintiff's Objection to Motion to Amend Answer and Modify Scheduling Order, filed February 1, 2011;

IV) Plaintiff's Motion to Strike Late Responses to Motion for Summary Judgment of Defendants and Motion for Extension of Time to Respond, filed February 4, 2011;

V) Plaintiffs' Response and Objection to Defendants' Statement of Additional Material Facts, filed February 4, 2011; and

VI) Defendants' Amended Answer, Affirmative Defenses, and Counterclaims, filed February 28, 2011.[1]

"Although the court may deny a motion to amend if it is untimely filed or filed for delay, action on the motion to amend should occur before the court entertains a dispositive motion." *Sherbert v. Remmel*, 2006 ME 116, ¶ 8, 908 A.2d 622, 624. Logic requires the court to address the motions in non-chronological order, in order to know what facts and oppositions the court may consider in ruling on the motion for summary judgment. Having considered the parties' written presentations and reviewed pertinent case law, the court issues the following order on the pending motions.

## I.     Defendants' Motion to Extend Time to Respond

This is logically the first point of analysis, because if it is not granted and the defendants' remaining pleadings are rejected as untimely, that greatly limits the field of information before the court.

The defendants' motion, filed in the form of a letter sent to the court clerk and indicating a carbon copy to the plaintiff's attorney, requests an extension of time until two weeks after mediation[2] to respond to the Motion for Summary Judgment to enable the defendants to find an attorney to represent them "and file a proper response." (Def. Mot. to Extend at 1.) The letter, while not sworn, indicates that the defendants seek a lawyer in order to oppose the motion for summary judgment due to procedural failings of the foreclosure sale, pursuant to which the plaintiff filed the present suit to pursue a deficiency recovery. The letter was received December 28, 2010. The predicate plaintiff's motion for summary judgment, with its accompanying statement of material facts, was filed December 8, 2010. At that time, the plaintiff also filed a request for a hearing on its Amended Motion for Summary Judgment.

The plaintiff's opposition asserts that the defendants' motion should be denied because "[t]his is a collection action on a Note, where the Defendant has not contested any of the allegations in the Complaint and has not contested the Statement of Material Facts submitted with the motion for summary judgment and the amended motion for summary judgment." (Pl.

---

[1] This amended answer is intended to substitute for an earlier-filed version: Defendants' Amended Answer, Affirmative [Defenses], and Counterclaims, filed January 13, 2011.

[2] Both parties indicate that mediation was intended to take place in January. *See* Def. Mot. to Extend; Pl. Payment of ADR Sanction Fee.

Obj. to Def.'s Mot. to Extend at 2.) The plaintiff asserts that the defendants' motion has been filed simply to delay judgment in the matter. It also argues that the defendant has failed to oppose the facts the plaintiff alleges at any other phase of the proceeding, including in the defendants' answer.

Maine Rule of Civil Procedure 6(b) provides in pertinent part:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

In this case, the "period originally prescribed" was twenty-one days from the filing of the plaintiff's second motion for summary judgment. *See* M.R. Civ. P. 7(c)(2). That motion was filed December 8, 2010, and the defendants' motion to expand time was filed December 28, 2010, within twenty-one days from the earlier motion.

Since the defendants' motion to extend time was made before the expiration of the period originally prescribed, they did not need to demonstrate excusable neglect, and the court may enlarge the time period "at its discretion" for cause shown. The cause the defendants allege weighs strongly in favor of granting the motion to extend time. First, it runs counter to the purpose of mediation for the court to proceed on a dispositive motion prior to the parties' attempting to mediate in good faith. Therefore, to allow the defendants two weeks from the completion of mediation to file their opposition to the motion for summary judgment does not result in undue delay. Second, the plaintiff requested a hearing on its amended motion for summary judgment, which would result in the passage of time due to the schedule of the court. It is not unreasonable to allow the defendants an extension of time until shortly after the mediation in which to obtain counsel to respond to the plaintiff's motion for summary judgment and to represent the defendants at the hearing.

"A court has some discretionary range within which to grant or deny a motion for an enlargement of time." *Gregory v. City of Calais*, 2001 ME 82, ¶ 9, 771 A.2d 383, 386. Because the court finds that the defendants demonstrated valid cause and a good faith basis for extension of the time to file opposition to the plaintiff's motion for summary judgment, the defendants' motion to extend time is GRANTED.

## II. Defendants' Motion to Amend Answer and Modify Scheduling Order and Related Submissions

The defendants move to amend their answer due to the recent engagement of counsel, prior to which the defendants proceeded pro se while seeking counsel who would agree to represent them and whose representation they could afford. They assert that precedent and court rules require liberal application of petitions to amend. The defendants also suggest a modification to the Scheduling Order that would allow discovery to flesh out the claims defendants put forth in their Amended Answer, while not delaying the filing of motions prior to trial.[3]

The plaintiff's objection to the defendants' motion to amend argues: (1) the defendants' proposed amendments are barred by the deadlines set forth in the scheduling order; (2) the defendants failed to demonstrate "good cause" for the late amendment; (3) the plaintiff will be prejudiced should the court grant the defendants' motions; and (4) the defendants have failed to demonstrate a probability of success on the amended claims and amended defenses. The plaintiff also argues that, should the court grant the defendants' motion to amend, then the scheduling order will have to be modified to permit the plaintiff time to take discovery on the issues raised for the first time in the amended answer and counterclaim complaint. The plaintiff further claims that the facts it alleged in its statement of material facts accompanying its first motion for summary judgment are to be deemed admitted because the defendants failed to respond to them, and failed to timely respond to the second motion for summary judgment. The plaintiff concludes by requesting an extension of time to take discovery and respond to the defendants' objection to the plaintiff's motion for summary judgment, as well as to conduct discovery and designate expert witnesses on all matters raised in the amended pleadings, should the defendants' motion to amend be granted.

This issue concerns the interplay between Maine Rules of Civil Procedure 15 and 16. *See, e.g., Parkview Adventist Med. Ctr. v. Streeter*, 2007 Me. Super. LEXIS 190, at *10-*11. M.R. Civ. P. 15(a) provides that "a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." The Law Court has "construed this mandate to mean that 'if the moving party is not acting in bad faith or for delay, the motion will

---

[3] It bears noting that at this point, the proposed deadlines have all passed. The latest proposed deadline, for ADR completion and discovery completion, was April 12, 2011; the defendants proposed that the deadline for filing motions be reduced to 15 days after the close of discovery, or April 27, 2011.

be granted in the absence of undue prejudice.'" *Chrysler Credit Corp. v. Bert Cote's L/A Auto Sales, Inc.*, 1998 ME 53, ¶ 14, 707 A.2d 1311, 1315 (quoting *Diversified Foods, Inc. v. First Nat'l Bank of Boston*, 605 A.2d 609, 616 (Me. 1992)); *see also* 1 FIELD, McKUSICK & WROTH, MAINE CIVIL PRACTICE § 15.4; *Bangor Motor Co. v. Chapman*, 452 A.2d 389, 392 (Me. 1982)). "[O]bviously, prejudice means something more than an increased likelihood of defeat in the litigation if the amendment is granted." *Bangor Motor Co.*, 452 A.2d at 392 (quotation omitted). This liberal standard for granting motions to amend is consistent with the "strong preference in our law for deciding cases on the merits." *Thomas v. Thompson*, 653 A.2d 417, 420 (Me. 1995); *see also Bangor Motor Co.*, 452 A.2d at 392 ("A party should not be precluded by the technicalities of pleading from presenting his claim or defense on its merits unless the pleadings have misled the opposing party to his prejudice.") (quotation omitted). M.R. Civ. P. 16(a)(1), on the other hand, provides that a "scheduling order shall not be modified except . . . on motion for good cause shown."[4] "Whether to grant a motion to amend is left to the discretion of the trial court." *Bernier v. Merrill Air Eng'rs*, 2001 ME 17, ¶ 22, 770 A.2d 97, 105 (quotations omitted).

Precedent is clear and numerous that a motion to amend made in good faith will be liberally granted, barring undue prejudice to the non-moving party. The court notes, with some reservation, the analysis based upon the federal rules undertaken in *Davis v. Grover*, out of our sister superior court: "The Rule 15 (a) standard 'is a relatively low standard, but it becomes compounded with a higher standard once the deadline to amend passes because a scheduling order shall not be modified [except] upon a showing of good cause.'" *Davis v. Grover*, 2002 Me. Super. LEXIS 69, at *9 (quoting *El-Hajj v. Fortis Benefits Ins. Co.*, 156 F. Supp.2d 27, 34 (D.Me. 2001)).[5] The court agrees with the logic of *Davis*: a motion to amend, normally subject to a very low threshold, but which requires modification of a scheduling order, will be held to the M.R. Civ. P. 16 standard of "good cause." *But cf. Parkview Adventist*, 2007 Me. Super. LEXIS 190, at *11. Here, the defendants have explained that the amendment is necessary because they

---

[4] The court accordingly notes that the plaintiff's first two arguments, that the amendment is barred by the scheduling order's deadlines and that the motion to amend is not supported by good cause, require the same analysis.

[5] The court's reservation stems in part from the fact that the federal rules appear to be slightly stricter regarding amendments than our own. *Compare El-Hajj*, 156 F. Supp.2d at 34-35 ("A proposed amendment is futile if it lacks legal merit to such a degree that it would not stand up to a 12(b)(6) motion to dismiss") *with Bangor Motor Co.*, 452 A.2d at 393 ("A finding that an action presents no case or controversy, alone, is not sufficient to deny a motion to amend").

have recently acquired representation that was not available to them at the time of their original answer. They further contend that, thanks to the new representation, it has become clear that the circumstances surrounding the foreclosure sale whose deficiency forms the basis of the plaintiff's complaint require substantially more answer than the pro se defendant had originally offered. The new alleged facts that came to light in connection with the defendants' securing representation, combined with their success in obtaining such representation after a good-faith search, amount to good cause to modify the scheduling order.

Furthermore, the plaintiff agrees that, should the motion to amend be granted (which precedent indicates it should, barring undue prejudice), the plaintiff would seek to extend the deadlines under the scheduling order to allow full discovery. The court therefore deems the standards of M.R. Civ. P. 15 and 16 to have been met, barring undue prejudice.

The plaintiff alleges that the defendants acted in bad faith and caused undue delay—and that granting the defendants' motions would cause the plaintiff prejudice, in that "the summary judgment process [would] be subverted and the pleading process would have to start from the beginning," resulting in considerable further delay. (Pl.'s Obj. to Mot. to Amend at 6.) The plaintiff appears to argue that its prejudice lies in the defendants' procedural noncompliance, as the plaintiff asserts that the motion seeks to add affirmative defenses that were waived when the defendants failed to raise them with their initial letter to the court, which the court considered to be the defendants' answer.

"[O]bviously, prejudice means something more than an increased likelihood of defeat in the litigation if the amendment is granted." *Bangor Motor Co.*, 452 A.2d at 392 (quoting 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.4 (1970)). "The passage of time alone is not a ground to deny a motion to amend." *Mutual Fire Ins. Co. v. Richardson*, 640 A.2d 205, 207 (Me. 1994). The court is not persuaded by the plaintiff's allegations of the defendants' bad faith: the defendant, a septuagenarian whose income after the foreclosure sale of her sole commercial asset was slim, had been proceeding pro se while attempting to retain representation. The parties dispute the timing and extent of the representation, as the plaintiff's counsel avers that he has been in communication with the defendant's current counsel about this matter since the fall of 2010, rather than January 2011, when the defendants state that they officially obtained representation. The Law Court's rulings suggest that "undue prejudice" sufficient to overcome the presumption in favor of granting a motion to amend requires damage to the non-moving

party's ability to present its case, rather than a pretrial delay. *See, e.g., Chrysler Credit Corp. v. Bert Cote's L/A Auto Sales, Inc.*, 1998 ME 53, ¶ 17, 707 A.2d 1311, 1315 (overturning trial court's permission to amend by adding a new party during trial); *Spickler v. York*, 566 A.2d 1385, 1389 (Me. 1989) (when the court granted plaintiff's motion to amend complaint to add derivative claim at mid-trial, defendant was left with no opportunity to prepare defense to derivative claim); *Drinkwater v. Patten Realty Corp.*, 563 A.2d 772, 778 (upholding denial of motion to amend brought more than three years after the commencement of the action and only five days before the scheduled trial date).

Nor does the raising of affirmative defenses bar a motion to amend. *See, e.g., Machias Sav. Bank v. Ramsdell*, 1997 ME 20, ¶¶ 3, 7, 689 A.2d 595, 597-98 (upholding a grant of a motion to amend permitting the addition of some, but not all, of the proposed affirmative defenses, as within the trial court's discretion).

The defendants' probability of success on their defenses or counterclaims set forth in the amended answer and counterclaim complaint are not relevant to the analysis of their motion to amend. Even "[a] finding that an action presents no case or controversy, alone, is not sufficient to deny a motion to amend." *Bangor Motor Co.*, 452 A.2d at 393. "Our consideration of whether the movants should have been allowed to amend their pleadings does not require us to decide whether either of them can ultimately prevail on their respective claim." *Id.* Where the fact that an action would be subject to dismissal is insufficient to deny a party's motion to amend, the court would act unreasonably to undertake an analysis of the party's probability of success in considering its motion to amend.

The court further notes that the plaintiff's assertion that the defendants are deemed to have admitted the facts in the plaintiff's first statement of material facts accompanying its first motion for summary judgment is based upon a misinterpretation of M.R. Civ. P. 56. The plaintiff claims that, since the defendants failed to respond to the plaintiff's first statement of material facts, and failed to respond timely to the plaintiff's second statement of material facts, the facts are deemed admitted. The court first notes that this order grants the defendants' motion to extend time to respond to the plaintiff's second motion for summary judgment, so the defendants' forthcoming response is not untimely at this juncture. As for the first statement of material facts, M.R. Civ. P. 56(h)(4) provides in pertinent part: "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule,

shall be deemed admitted unless properly controverted. . . . The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment." Although the statements in the plaintiff's first statement of material facts did go uncontroverted, the court denied the plaintiff's motion for summary judgment on the ground that the motion was not supported by citations to record evidence of a quality that would be admissible at trial, and thus did not meet the evidentiary requirements of Rule 56. *See* Order of Nov. 8, 2010. Because Rule 56 provides that only facts with proper record support shall be deemed admitted if uncontroverted, and the court previously found those facts to be insufficiently supported, they are not deemed to be admitted under M.R. Civ. P. 56(h)(4).

The defendants have explained their rationale for moving to amend, including an explanation of the good cause underlying the request for modification to the scheduling order to allow the plaintiff time to respond. The plaintiff has not shown that the defendants' motion to amend was the result of bad faith or undue delay, or that granting the motion would result in undue prejudice to the plaintiff. Therefore, the defendants' motion to amend is GRANTED.[6]

## III. Plaintiff's Motion to Strike Late Responses to Motion for Summary Judgment of Defendants and Motion for Extension of Time to Respond

The plaintiff moves to strike the defendants' objection to the plaintiff's motion for summary judgment as untimely, and requests an extension of time to respond to the defendants' objection and the accompanying opposing statement of material facts and the statement of additional material facts. Because the court today grants the defendants' motion to extend time to respond to the plaintiff's motion for summary judgment, the defendants' opposition to summary judgment is not untimely. However, the court agrees with the plaintiff that the discovery required for an investigation of the parties' opposing statements of material fact would require an extension of time to respond. The court grants the parties sixty days from the date of this order as additional time for discovery.

The plaintiff's motion to strike is therefore DENIED, but its motion for extension of time is GRANTED.

## IV. Plaintiffs' Response and Objection to Defendants' Statement of Additional Material Facts

---

[6] The court considers the defendants' Second Amended Answer, Affirmative Defenses, and Counterclaims, filed February 18, 2011, to be the defendants' answer at this time.

As the plaintiff has indicated that this pleading represents a preliminary response taken "[o]ut of precaution" and that more discovery is required in order for it to prepare a full response, and as the court has ordered more time for such discovery to take place, the court declines to consider the preliminary response until all of the parties' filings are complete.

## V.      Plaintiff's Motion for Summary Judgment

The plaintiff has moved for summary judgment on its action to collect the balance due pursuant to a Note in the original principal amount of $800,000 (the "Note"), dated April 18, 2008, executed by Sunrise Schoolhouse, LLC as the principal obligor, and guaranteed by Sally Merrill. After a foreclosure sale, the plaintiff seeks a deficiency judgment in the amount of $286,645.09 as of September 2, 2010, plus interest, costs, and attorneys' fees going forward from that date.

"Summary judgment is appropriate when review of the parties' statements of material facts and the referenced record evidence indicates no genuine issue of material fact that is in dispute, and, accordingly, the moving party is entitled to judgment as a matter of law." *Dyer v. Dep't. of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821, 825. A fact is "material" if it can affect the outcome of the lawsuit. *Id.* An issue of fact is "genuine" if there is "sufficient evidence to require the fact-finder to choose between competing versions of the truth at trial." *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747. "Although no longer an extreme remedy, summary judgment is 'not a substitute for trial.'" *Cookson v. Brewer School Dep't*, 2009 ME 57, ¶ 12, 974 A.2d 276, 280 (quoting *Arrow Fastener Co. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 18, 917 A.2d 123, 127). "A court may properly enter a summary judgment in a case when the parties are not in dispute over the facts, but differ only as to the legal conclusions to be drawn from those facts." *Tondreau v. Sherwin-Williams Co.*, 638 A.2d 728, 730 (Me. 1994) (citing *Chadwick-BaRoss, Inc. v. T. Buck Constr., Inc.*, 627 A.2d 532, 534 (Me. 1993)).

The parties appear to agree that, given the court's ruling granting the defendants' motion to amend, there are now material facts in dispute. *See* Pl.'s Obj. to Mot. to Amend at 6 (noting that summary judgment would need to start from the beginning). The court agrees. The facts alleged in the defendants' amended answer and counterclaims create a dispute of material fact precluding summary judgment at this time. The motion for summary judgment is accordingly DENIED.

The entry will be:

The plaintiff's Motion for Summary Judgment is DENIED.

The defendants' Motion to Extend Time to Respond is GRANTED.

The defendants' Motion to Amend Answer and Modify Scheduling Order is GRANTED.

The plaintiff's Motion to Strike Late Responses to Motion for Summary Judgment of Defendants is DENIED, while its Motion for Extension of Time to Respond is GRANTED.

This ORDER may be noted on the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

_June 30, 2011_
DATE

_____
SUPERIOR COURT JUSTICE

------------------------------------------------------------------------

01 0000007270        BRANSON, CHRISTOPHER B
   75 PEARL STREET PO BOX 9785 PORTLAND ME 04104-5085

| | | | | |
|---|---|---|---|---|
| F | SALLY MERRILL | DEF | RTND | 01/13/2011 |
| F | SUNRISE SCHOOLHOUSE LLC | DEF | RTND | 01/13/2011 |

02 0000003232        PERKINS, DAVID
   30 MILK STREET PO BOX 449 PORTLAND ME 04112-0449

| | | | | |
|---|---|---|---|---|
| F | FIRST TRACKS INVESTMENTS LLC | PL | RTND | 06/16/2010 |

03 0000009853        MCDONALD, KELLY
   75 PEARL STREET PO BOX 9785 PORTLAND ME 04104-5085

| | | | | |
|---|---|---|---|---|
| F | SALLY MERRILL | DEF | RTND | 01/13/2011 |

FIRST TRACKS INVESTMENTS LLC VS SUNRISE SCHOOLHOUSE LLC ET AL
UTN:AOCSsr  -2010-0060943                    CASE #:PORSC-CV-2010-00293
------------------------------------------------------------------------

03 0000009853            MCDONALD, KELLY
    75 PEARL STREET PO BOX 9785 PORTLAND ME 04104-5085
    F       SUNRISE SCHOOLHOUSE LLC              DEF        RTND    01/13/2011