

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-0346

MARK GRAHAM )
)
)
Plaintiff )
)
v. ) ORDER
)
JOHN COSTELLO, KEVIN JOYCE, DOCTOR )
"EDDY" AND ARMOR CORRECTIONAL )
HEALTH SERVICES )
)
Defendants )
)

REC'D CUMB CLERKS OF
MAY 9 '22 AM8:51

Before the Court are eighteen pending "motions" filed by pro se Plaintiff Mark Graham ("Graham") and one pending Motion filed by Cumberland County Sheriff Kevin Joyce and Cumberland County Sheriff's Office ("CCSO") employee, Captain John Costello ("collectively CCSO Defendants"). This order is meant to provide clarity to the parties regarding the status of this case and set Plaintiff Graham's remaining Eighth Amendment claims on a path toward resolution.

First the Court will address CCSO Defendants' Second Motion to Amend their Answer, and then tackle Mr. Graham's outstanding "motions."

## I. CCSO Defendants' Second Motion to Amend

On March 31st, 2022, the CCSO Defendants filed a second motion to amend their answer after having their first motion to amend granted. *See Order*, Docket No. CV-21-346 (Mar. 21, 2022). This second motion seeks the addition of an affirmative defense to their original answer. Specifically, the CCSO Defendants wish to add the following language as paragraph H in the

1

"affirmative defenses" section on page two of their answer: "Plaintiff's recoverable damages, if any, are capped or limited by the provision of the Maine Tort Claims Act, 14 M.R.S. § 8101, et seq, or any other applicable federal or state statutory limitations on damages." (Pl.'s Second Mot. Amend. 1.)

Graham has filed many documents with this Court since the CCSO Defendants filed their second motion to amend — none of which can be characterized as an objection. Thus, consistent with the Law Court's instruction that "leave to amend shall be freely granted," CCSO Defendants' second motion is granted. *Barkley v. Goodwill Home Assocs.*, 495 A.2d 1238, 1240 (Me. 1985).

## II. Graham's Outstanding Motions

Since Graham filed his complaint with this Court on September 20th, 2021, the Court has received multiple "motions" from Graham with various captions. Some are captioned as motions "for alternative service," some are titled "motion for answer/response" and a few have other designations. After a careful review of each filing, the Court determines that none of Graham's filings are substantive in nature and thus require no consideration from the opposing parties or this Court. All of Graham's filings are better characterized as "letters" which ask the Clerk to perform certain administrative tasks—like sending opposing counsel copies of filings—on Graham's behalf. These tasks are not the Clerk's responsibility.

Graham's mischaracterization of his filings presents a problem because internal court procedure demands that every "motion" filed with the Court be processed in a specific fashion that is more onerous and time intensive than processing those filings labeled as a "letter" or some other type of "correspondence". As a result, Graham's voluminous filings have caused many administrative problems for the Clerk's office and this Court.

2

Accordingly, the Court denies all eighteen of Graham's "motions" filed prior to April 4th, 2022 and directs the Clerk to docket any filing received since April 4th—and any future filing—as "correspondence".[1]

If Graham intends to file a motion that is substantive in nature, or related to the scheduling order issued herewith, then he must specifically state the filing's purpose on its first page. If such a statement is included, then the Clerk may present the filing to the Court to determine whether it should be docketed as "correspondence" or as a "motion." Additionally, if Graham intends any document to be considered a motion, he must provide copies to opposing counsel and certify to this Court that he has done so. Failure to comply with this requirement will result in the motion being docketed as "correspondence," regardless of its contents.

## III.    Current Case Status

As of the date of this Order, Graham has filed his complaint, and the Defendants (both CCSO Defendants and Armor Correctional Health Services ("Armor")) have filed their respective answers. Armor then filed a Motion to Dismiss Graham's allegations which was granted in part and denied in part. *See Order*, Docket No. CV-21-346 (Mar. 21, 2022). What remains for adjudication by this Court are Graham's Eighth Amendment claims against all Defendants.

This relatively straightforward procedural posture does not match the voluminous court file that has accumulated in this case, which is largely comprised of Graham's "motions." The Court is concerned that not all parties have received copies of these "motions" and thus invites counsel for the CCSO Defendants and Armor to visit the Clerk's office to review the file should they wish to do so.

---

[1] April 4th is used as the date delineating the change in docketing procedure because it is the last date that a filing by Graham was docketed by the Clerk as a "motion."

Further litigation revolving Graham's claims shall proceed pursuant to the Scheduling Order issued concurrent with this order.

**Entry is:**

Defendants Kevin Joyce and John Costello's Second Motion to Amend is Granted.

Plaintiff Mark Graham's eighteen pending motions are Denied.

The Clerk is directed to docket any further filings of Mr. Graham as "correspondence" unless otherwise directed by the Court. _1_.

The Clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 5/6/22

_____
John O'Neil Jr.
Justice, Maine Superior Court

_1._ The only exception without specific court order shall be papers labeled as motions and properly served on all opposing parties 2 14 o

STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, ss.                             CIVIL ACTION
                                            DOCKET NO. CV-21-0346

MARK GRAHAM                        )
                                   )
          Plaintiff                )
                                   )
     v.                            )  ORDER
                                   )
JOHN COSTELLO, KEVIN JOYCE, DOCTOR )
"EDDY" AND ARMOR CORRECTIONAL      )
HEALTH SERVICES[1]                 )
                                   )
          Defendants               )
                                   )

Before the Court are a number of pending motions: (I) Plaintiff Mark Graham's

("Graham") Motion for a Preliminary Injunction; (II) Defendants John Costello and Kevin Joyce's

(individually "Costello" and "Joyce" collectively "Cumberland County Sheriff's Office (CCSO)

Defendants") Motion for Leave to Amend their Answer; (III) Defendant Armor Health

Correctional Services, Inc.'s ("Armor") Motion to Dismiss. For the reasons set forth herein,

Graham's Motion for a Preliminary Injunction is DENIED, Cumberland County Defendant's

Motion for Leave to Amend their Answer is GRANTED, and Armor's Motion to Dismiss is

GRANTED IN PART and DENIED IN PART.

## FACTUAL BACKGROUND

REC'D CUMB CLERKS OF
MAR 21 '22 PM12:00

---

[1] The exact identities of the Defendants are not easily discerned from the various pleadings filed with this Court, so the Defendants named in the case caption are those which have filed an answer, actively participating in this litigation.

1

The following factual background is derived from the numerous pleadings filed in this matter so far and is largely reflective of the allegations contained in the complaint, consistent with M.R. Civ. P. 12(b)(6), which is implicated by Armor's motion for dismissal.

Prior to his current residence at the Riverview Psychiatric Center in Augusta, Maine, Graham was an inmate who had a semi-regular presence at Cumberland County Jail in Portland, Maine.[2] He has been discharged from and reentered that facility on multiple occasions.

Defendant Armor, and Defendant "Eddy" are medical providers at Cumberland County Jail. Armor is a third party healthcare provider that Cumberland County Jail has contracted with to provide medical services for residents, and Doctor "Eddy" is presumably Armor's employee. Defendants Costello and Joyce are employees of the Cumberland County Sheriff's Office, the law enforcement agency which operates the Cumberland County Jail. Costello is a Captain and Joyce is the Sheriff.

Graham's complaint raises professional negligence claims against jail medical personnel and seeks relief, pursuant to 42 U.S.C. § 1983 (2021), or multiple issues Graham claims he's had with Cumberland County Jail and Armor personnel. *Inter alia,* Graham's complaint alleges that he was intentionally placed in a segregated housing unit as punishment for seeking mental health treatment, that medical personnel at the facility intentionally placed drugs in Graham's food and water and ignored Graham's medical complaints, negligently treated/diagnosed Graham's ailments, and treated Graham's medical needs with "deliberate indifference."

This last allegation, that medical staff and other personnel at Cumberland County Jail acted with "deliberate indifference" towards Graham and his medical needs is grounded in the Supreme Court's Eighth Amendment jurisprudence. In *Estelle v. Gamble,* the Court extended

---

[2] Prior to Riverview, Graham was a resident at Maine State Prison in Warren, Maine, for a brief time.

Eighth Amendment protections against cruel and unusual punishment to the delivery of medical care to incarcerated individuals. 429 U.S. 97, 104-105 (1976).

Mark Graham filed his complaint in this case on September 16th, 2021. As part of that filing he included a Motion for a Preliminary Injunction. After a November 15th, 2021 order by this Court (McKeon, J.) granting Graham's motion for service by alternative means and denying his motion which sought to add additional defendants, Armor timely filed a Motion to Dismiss Graham's complaint on December 7, 2021. Seven days later, on December 14th, CCSO Defendants and Armor both properly filed answers. On January 10th, 2022, CCSO Defendants moved to amend their answer. Graham filed an opposition to Armor's Motion to Dismiss on December 29th, 2021 and Armor filed a reply memorandum on January 10th, 2022.

## DISCUSSION

As noted above, the pending motions in this case are (I) Graham's Motion for a Preliminary Injunction; (II) CCSO Defendants' Motion for Leave to Amend their Answer; (III) Armor's Motion to Dismiss. Each of these pending motions are addressed in turn:

### I. Motion for Preliminary Injunction

Along with Graham's complaint, filed pro se on September 16th, 2021, Graham also filed a Motion for a Preliminary Injunction. Graham's handwritten motion requests that this Court enjoin certain Cumberland County Jail officials "from making decisions and having control over Mark Graham's program, classification and security placement levels." It also seeks to prevent them from interacting with him at all and asks for mandatory injunctions requiring CCSO to place Captain Goulet in charge of his care and requiring the jail to remove him from the facility's segregated housing unit.

3

A party seeking a preliminary injunction generally has the burden of demonstrating that the following four criteria are met: (1) the plaintiff will suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting the injunctive relief would inflict on the defendant; (3) the plaintiff has exhibited a likelihood of success on the merits (at most, a probability; at least, a substantial possibility); and (4) the public interest will not be adversely affected by granting the injunction. *Department of Environmental Protection v. Emerson*, 563 A.2d 762, 768 (Me. 1989). "Failure to demonstrate that any one of these criteria are met requires that injunctive relief be denied." *Bangor Historic Track, Inc. v. Dep't of Agric., Food & Rural Res.*, 2003 ME 140, ¶ 10, 837 A.2d 129.

As is mentioned in the factual background section of this Order, Graham is now a resident of Riverview Psychiatric Center, in Augusta, where he is engaged in that facility's intensive mental health treatment program. Graham's residence in Augusta renders his request for a preliminary injunction moot as he is no longer experiencing the complained of harm that he seeks to enjoin. The entirety of Graham's allegations is set in the Cumberland County Jail, not Riverview Psychiatric Center. Accordingly, issuing an injunction in Graham's favor would have little practical effect.[3] *See Ten citizens of the Town of Biddeford v. Town of Biddeford*, 2003 ME 59, ¶ 5, 822 A.2d 1196 ("[A] determination of mootness [is made] by examining the record to determine "whether there remain sufficient practical effects flowing from the resolution of the litigation to justify the application of limited judicial resources."). Additionally, Graham has not alleged any facts which help his motion evade application of the mootness doctrine. *See Clark v. Hancock County Comm'rs*, 2014 ME 33 ¶ 13, 87 A.3d 712 (recognizing three exceptions to the

---

[3] Even if mootness did not serve as a sufficient basis for denial of Graham's Motion, the Court notes that his Motion does not set forth facts which constitute irreparable injury, *see Bar Harbor Banking & Trust Co. v. Alexander*, 411 A.2d 74, 79 (Me. 1980) ("'Irreparable injury' is defined as "injury for which there is no adequate remedy at law.'"), or as discussed below, exhibit a likelihood of the success of the merits of his professional negligence claims.

Mootness doctrine: (1) sufficient collateral consequences will result from the determination of the questions presented so as to justify relief; (2) the appeal contains questions of great public concern that, in the interest of providing future guidance to the bar and public, the court may address; or (3) the issues are capable of repetition but evade review because of their fleeting or determinate nature). Plaintiff's Motion for a Preliminary Injunction is denied.

## II.     CCSO Defendants' Motion for Leave to Amend Answer

After filing their answer to Graham's complaint, Defendants Costello and Joyce moved this Court for leave to amend their answer. Specifically, they noticed that the complaint named Captain David Costello and determined that this was an error — nobody named David Costello is employed at CCSO. There is, however, a John Costello, also with the rank of Captain. Because Graham had filed an "objection" to the Defendant's answer, Costello and Joyce sought leave of Court to amend their answer so it could accurately reflect the names of the parties. *See* M.R. Civ. P. 15(a). Plaintiff Mark Graham filed no objection to this request for leave.

Consistent with M.R. Civ. P. 15(a)'s and the Law Court's instruction that "leave to amend shall be freely granted," the CCSO Defendants Motion is granted. *Barkley v. Goodwill Home Assocs.*, 495 A.2d 1238, 1240 (Me. 1985).

## III.    Armor's Motion to Dismiss

On December 7th, 2021, Defendant Armor filed a Motion to Dismiss Graham's claims against them pursuant to M.R. Civ. P. 12(b)(6). In their Motion, Armor asserts that Graham's failure to comply with the Maine Health Security Act's requirement that any prospective medical malpractice plaintiff first file a Notice of Claim with a prelitigation screening panel, forecloses his claims. *See* 24 M.R.S. § 2903 (2021). The Court agrees that any claims alleging professional

5

negligence by Graham are subject to dismissal, but also finds that he has sufficiently plead claims against Armor alleging a violation of his Eighth Amendment rights.

## A. Motion to Dismiss Standard

"A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the claim." *Seacoast Hangar Condo. II Ass'n v. Martel*, 2001 ME 112, ¶ 16, 775 A.2d 1166 (quoting *New Orleans Tanker Corp, v. Dep't of Transp.*, 1999 ME 67, ¶ 3, 728 A.2d 673). When the court reviews a motion to dismiss, "the claim is examined 'in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Lalonde v. Cent. Me. Med. Ctr.*, 2017 ME 22, ¶ 11, 155 A.3d 426. Allegations in the complaint are deemed true for the purposes of deciding a motion to dismiss. *Id.* "A dismissal should only occur when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43 (quoting *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994)) (internal quotations omitted).

## B. Analysis

There are two considerations for this Court in deciding the instant Motion. First, as challenged by Armor, whether Graham's claims are best characterized as claims for professional negligence and thus subject to the prelitigation panel screening process under the Maine Health Security Act. Second, whether Graham's allegations set forth a cognizable Section 1983 claim against Armor for violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

### 1. Maine Health Security Act

6

Armor's grounds for dismissal premised on the Maine Health Security Act requires this Court to consider two issues: (1) whether Graham's claims are subject to coverage under the Act; and (2) if they are covered, whether Graham complied with the Act's procedures for bringing claims of professional negligence against healthcare providers. In this case there is no allegation by Graham that he compiled with the Maine Health Security Act's procedures. Thus, the essential inquiry is whether his claims are covered by the statute.

The Maine Health Security Act, and the prelitigation panel screening process that it establishes, is intended to promote the early identification of claims for professional negligence and encourage their resolution. *See* 24 M.R.S. § 2851 (2021). The Act establishes a screening process intended to evaluate the merits of a plaintiff's potential claims before they are brought to court. *See* 24 M.R.S. § 2855 (2021). If, before the screening panel, the plaintiff establishes that the health care provider's negligence was the cause of the plaintiff's injury by a preponderance of the evidence, then the plaintiff and the provider must enter settlement negotiations regarding damages and liability. *See generally* 24 M.R.S. § 2858 (2021). If no agreement is reached, a medical malpractice action may then be brought in the Superior Court. *See* 24 M.R.S. § 2903 (2021).

Claims subject to the Maine Health Security Act's requirements are those which fit the statutory definition of "an action for professional negligence." *See* 24 M.R.S. § 2502(6) (2021). An action for professional negligence is defined as:

> any action for damages for injury or death against any health care provider, its agents or employees, or health care practitioner or the healthcare practitioner's agents or employees, whether based upon tort or breach of contract or otherwise, arising out of the provision or failure to provide health care services.

*Id.* Acts which constitute "professional negligence" are acts or omissions which "constitute a deviation from the applicable standard of care by the healthcare provider charged with that care . . . that proximately cause[] the injury complained of." 24 M.R.S. § 2502(7) (2021).

Armor argues that all of Graham's claims are covered by the Maine Health Security Act because many of his allegations "arise" out of alleged injury suffered as a result of Armor's "provision or failure to provide health care" services. As a pro se Plaintiff, Graham's specific allegations are difficult to discern, but many of them do sound in professional negligence, as defined by statute. Graham raises allegations which include the negligent placement of harmful drugs in his food and water, the negligent provision of medical treatment, and the misdiagnosis of various mental health disorders.

Thus, these specific allegations against Armor and their medical staff at Cumberland County Jail fail to state a claim upon which relief may be granted. Before alleging his claims for professional negligence, Graham did not comply with the statutorily required prelitigation screening panel process. *See Saunders v. Tisher*, 2006 ME 94, ¶¶ 15-16, 902 A.2d 830 (dismissing a complaint for failure to comply with the procedural provisions of the Maine Health Security Act). As a result, Graham cannot now bring those claims before this Court. To the extent that Graham raises any claims of professional negligence against Armor or Armor's individual employees, they are dismissed.

*2. 8th Amendment Claim*

In addition to an allegation of professional negligence against Armor and the providers it employs at Cumberland County Jail, Graham also makes allegations that their personnel violated his Eighth Amendment right to be free from cruel and unusual punishment.

8

Claims brought under 42 U.S.C. § 1983 alleging a violation of a prisoner's 8th amendment rights in the healthcare delivery context, are cognizable as long as they allege "deliberate indifference to the serious medical needs of prisoners." *Estelle*, 429 U.S. 97, 104-105 (1976). The indifference with which officials act towards a prisoner must be "deliberate," it cannot be inadvertent or accidental. *See id.* at 106 ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.")

Here, viewing Graham's complaint in a light most favorable to him, he sets forth facts alleging that Cumberland County Jail medical personnel "intentionally neglected and ignored" his medical and mental health needs. He also claims that they treated his serious mental health needs with deliberate indifference by placing him in a segregated housing unit as "treatment" and "punishment" for those needs. He also alleges that personnel intentionally restricted his access to needed medication.

Accepting these allegations as true for the purposes of this Motion, Graham does state facts which constitute a cognizable claim under the Eighth Amendment. Accordingly, Graham's claims that Armor and its employee's deliberate indifference towards Graham's serious medical needs are not dismissed.

**IV. Conclusion**

Although Mr. Graham is a pro se, incarcerated, Plaintiff, he has sufficiently met the pleading standards required of represented parties. *See Brown v. Thaler*, 2005 ME 75, ¶ 8, 880 A.2d 1113 ("self-represented parties are subject to the same standards as represented parties"). Mr. Graham has gone to great lengths to make his legal arguments, conduct research to support

those arguments, and hand write them, in a legible manner, on notebook paper.

Viewing Graham's complaint in a light most favorable to him, he raises two independent causes of action against Armor. First, claims of professional negligence by Armor's employees, and second, a section 1983 claim alleging violation of his Eighth Amendment rights. The Court agrees that the former is dismissed for Graham's failure to comply with the Maine Health Security Act. The latter however, survives Armor's Motion.

Entry is:

Plaintiff's Motion for a Preliminary Injunction is Denied.

CCSO Defendants Costello and Joyce's Motion for Leave to Amend their Answer is Granted.

Defendant Armor Correctional Health Services, Inc.'s Motion to Dismiss is Granted in Part and Denied in Part.

The clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated:  3/21/22

_____
John O'Neil Jr.
Justice, Maine Superior Court

Entered on the Docket: 3/21/22

10